### DENNY, Administrator, and Others *v.* MOORE.

A defect in the complaint for want of verification cannot be reached by a demurrer assigning for cause that the complaint does not state facts sufficient, &c., if, indeed, it can be reached at all by demurrer. Such defects do not seem to be embraced in any of the statutory causes for demurrer; and if, in such case, a verification and bond be filed after the trial, the defendant cannot complain.

A motion to set aside the complaint, or stay the proceedings, would perhaps be the correct practice.

A party may prove by parol that in a previous suit he offered and gave in evidence a judgment.

An objection that no default was taken against nominal defendants, and no issue joined, cannot be raised for the first time in the Supreme Court.

A party cannot, after having the full benefit of a judgment as a set-off, complain, on appeal, that in his notice of set-off, the judgment was misdescribed, if no advantage was taken of the misdescription.

The administrator of an estate which has been declared insolvent, is not obliged to set off a judgment in favor of his decedent, against a claim upon his estate; but having done so, he cannot complain because it makes an unequal distribution.    Setting off a judgment in such case, is an extinguishment of it.

Nov. Term,
1859.
———
DENNY
v.
MOORE.

APPEAL from the *Hamilton* Court of Common Pleas.

*Tuesday,*
*December* 13.

WORDEN, J.—Suit by the appellee against the appellants, the object of which was to enjoin the collection of a certain judgment recovered before a justice of the peace, in *October*, 1848, by *Denny*, as such administrator, against *Joseph Moore*, the plaintiff, and others, for the sum of 94 dollars, 58 cents, and costs.    It is averred that after the recovery of the judgment, viz., on the 16th of *November*, 1848, the plaintiff filed his claim, in the proper Probate Court, against the estate of said *Mordecai Moore*, deceased, for work and labor, &c., done by the plaintiff for said *Mordecai* in his lifetime.    To this claim said *Denny*, as such administrator, pleaded the general issue, and gave notice that he would set off against such claim, the aforesaid judgment, and on the trial of the cause he offered said judgment in evidence as a set-off, and it was, without objection, allowed to him.

Pleadings were filed by *Denny*, not necessary to be here stated, and the cause was tried by the Court, who found for the plaintiff, overruled a motion for a new trial, and rendered judgment on the finding.

The defendants appeal and assign several errors, which will be noticed in their order.

The first is, that the Court erred in overruling a demurrer to the complaint.    The ground taken is, that the complaint was defective in not being verified, and because no bond had been given as required by law.    There was no restraining order or preliminary injunction asked for or obtained in the case.    The relief sought was a perpetual injunction on the final trial or hearing of the cause, and it is, perhaps, doubtful whether the statute should be so construed as to require the complaint in such case to be verified, or a bond to be filed.    But we do not decide this point, as we are of opinion that if such verification and bond

were necessary, a demurrer assigning for cause that the complaint does not state facts sufficient, &c., will not reach such defects. Perhaps they are not to be reached by a demurrer at all. Such defects do not seem to be embraced in any of the specified causes for which a demurrer may be filed. 2 R. S. p. 38, § 50. A motion to set aside the complaint, or stay the proceedings, would, perhaps, be the correct practice.

The second error assigned is, that parol evidence was improperly admitted. The record shows that on the trial the plaintiff proved, over the objection of defendants, that on the trial of the cause in the Probate Court, before mentioned, *Denny* offered and gave in evidence, as a set-off to the plaintiff's claim therein, the judgment so recovered before the justice. We see no objection to this testimony. It was not proving the record by parol. It was a simple fact that perhaps could not be proven otherwise than by parol. The record, it is said, would prove itself. That may be true, and yet it would not prove the additional and important fact that it had been offered in evidence on the trial of another cause. We do not understand the bill of exceptions as showing that the Court permitted the existence or contents of the judgment to be proven by parol, but the fact that it was offered in evidence on the trial in the Probate Court, and this seems to have been entirely proper.

It is assigned for error, thirdly, that the Court proceeded to trial without first defaulting, or in any manner causing an issue to be joined between the plaintiff and the defendants, *O'Brien* and others. *O'Brien* and the other defendants, except *Denny*, were mere nominal defendants, being the officers connected with the issuing of an execution upon the judgment, and the collection thereof, and no judgment was taken against them, except that they, as well as *Denny*, be restrained from proceeding to collect the judgment. No judgment for costs was rendered against them. But had they been real parties, we think such objection could not be successfully made for the first time in this Court. The attention of the Court below was not called

to the irregularity, and the error, if any was committed, was waived.

The fourth assignment is, that the Court erred in overruling the motion for a new trial. We are of opinion that on the merits the Court found correctly. It appears that on the trial of the cause in the Probate Court, *Denny* offered the judgment in evidence as an offset to the plaintiff's claim, and that it was received without objection and allowed. There was a variance between the description of the judgment in the notice of set-off, and that described in the complaint, and offered in evidence on the trial in the Probate Court, but no advantage was taken by the plaintiff of this variance, and, as before remarked, the judgment was offered and received without objection, and allowed. *Denny* cannot, after having the full benefit of the judgment allowed him in the way of a set-off, now complain that in his notice. of set-off the judgment was misdescribed, of which misdescription no advantage was taken.

There is another point that may.be here noticed. The judgment was rendered upon a note given by the plaintiff for property purchased by him at the administrator's sale of the property of the deceased, and the estate had, before the trial of the cause in the Probate Court, been duly declared insolvent, and an order made to settle it accordingly. It is insisted that the judgment could not, in such case, be legally set off against a claim upon the estate, as thereby an unequal distribution of the effects would take place. The administrator was not bound to set off the judgment against the plaintiff's claim upon the estate, but having done so, he cannot now complain of it. The setting off of the judgment satisfied and extinguished it; and if the plaintiff thereby received more than other creditors, it was no fault of his, nor is the judgment, therefore, any the less fully satisfied and discharged. Instead of setting off the judgment, the administrator might, undoubtedly, have collected it, and paid the plaintiff only his *pro rata* share of his entire claim against the estate; but having thus set it off, he has precluded himself from exercising such right.

The fifth, sixth, and seventh errors assigned are, that the finding is not sustained by the evidence; that the judgment is contrary to law; and that error of law occurred on the trial, which was excepted to. The points involved in these assignments, have been already noticed.

The only remaining error assigned is, that the Court permitted the plaintiff, after the cause had been tried by the Court, and after the motion for a new trial had been overruled, to append an affidavit to his complaint, and file a bond, as required by law. We are of opinion that the appellants cannot complain of this. We have already seen that the want of an affidavit and bond was not reached by the demurrer, and that no steps were taken to require the complaint to be verified and a bond to be filed. No motion was made to set aside the complaint, or to stay the proceedings, or otherwise take advantage of the want of a verification and bond, and, therefore, the proceeding would not be erroneous without either. Hence, the filing of them, after the trial, did the appellants no harm.

We find no error in the record for which the judgment ought to be reversed.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Garver* and *J. Green*, for the appellants.

*D. Moss* and *E. S. Stone*, for the appellee.