WELLS *v.* DICKEY.

Reply in denial, to an answer setting up a written release of the debt by the plaintiff. The defendant demurred, on the ground that the reply was not verified by affidavit.

*Held,* that the reply was not subject to demurrer for the reason assigned.

*Held,* also, that as there was no motion to set aside the reply, (if it was subject to such motion,) it was sufficient to prevent a judgment for want of a reply.

APPEAL from the *Grant* Common Pleas.

HANNA, J.—Suit on notes. There were three paragraphs in the complaint. The first two upon the notes, and the third averring that they were given for a part of the purchase money for certain described lands, and asking that the judgment might be made a lien, &c. A demurrer to the complaint was overruled. Upon this ruling the first point is based. It is not necessary to decide whether it was right, in reference to the point urged, namely, as to the sufficiency of the complaint to obtain a judgment declaring a lien, &c., or not, for the reason that no such judgment was rendered. One paragraph of the answer set up, that defendant had delivered to the plaintiff, and he had received, certain personal property in payment of said notes, and had executed to said defendant a written release, &c., but that the same was lost and could not be filed, &c. General denial in reply. Reply demurred to, on the ground that it was not verified by affidavit. Overruled. Trial by the Court, finding for plaintiff, and judgment over motions for a new trial and in arrest. It is now insisted that the Court erred in the rulings on the demurrer, and on the motions made, because the reply, not having been sworn to, was not such reply as was required by the statute; indeed, was no reply, and judgment should have been for the defendant on the pleadings. The pleading was not subject to demurrer, for the reason assigned. *Denny* v. *Moore,* 13 Ind. 420. As there was no motion to set aside the reply, (even if it was subject to such motion,) it was sufficient to prevent a judgment for want of a reply.

There was a variance in the date of the note, as described in

*Friday,
December* 14.

Nov. Term, 1860.

the complaint, and the copy filed. The copy was correct. After the finding, and before judgment, the Court permitted the plaintiff to amend that part of the complaint descriptive of the note, so as to agree with the evidence. Was this error? In the case of *Ellis* v. *Miller*, 9 Ind. 211, it was held that the copies filed, being correct, supplied defects in the description attempted in the complaint; it is, therefore, manifest that there was no error in suffering the amendment.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Steele* and *H. D. Thompson*, for appellant.

*R. T. St. John*, for appellee.