## WHEAT v. RAGSDALE.

CONTESTED ELECTION.—AUDITOR MAY ADMINISTER OATH.—In a proceeding to contest an election, the county auditor, as clerk of the board of county commissioners, is authorized by law to administer to the contestor the oath required by law to be attached to the written statement of the grounds of his contest. Page 198.

AFFIDAVIT.—INFORMATION AND BELIEF.—The affidavit of the contestor of an election to the written causes of contest filed by him, was that so far as the facts were stated upon his own knowledge they were true, and so far as they were stated upon the information of others he believed them to be true. It did not appear in the statement filed that any fact was stated on information and belief, but each allegation was directly and positively made, as upon the knowledge of the contestor.

*Held*, that the facts stated were directly verified, there being nothing to which the qualifying clause of the affidavit could apply. Page 200.

CONTESTED ELECTION.—GROUNDS OF CONTEST.—Where an election is contested on the ground that persons who were not qualified voters were permitted to vote, it is not necessary that a list of the names of the alleged illegal voters should be filed. Page 201.

PRACTICE.—MOTION TO MAKE SPECIFIC.—Where the defendant is required to make his answer more specific, and he declines to do so, the answer may be stricken out on motion. An order that the defendant shall not be permitted to introduce any evidence under the answer, is not the correct practice. Page 201.

EVIDENCE.—ADMISSION OF RECORD.—On the trial of a contested election case before the board of county commissioners, the contestor filed a list of persons alleged to have voted illegally, and the contestee, by an entry of record, conceded, "for the uses and purposes of this trial," that such voters were "minors and non-residents as charged." On the trial of the cause in the Circuit Court, on appeal, the record of the proceedings before the county board was offered in evidence to prove the admission of the contestee that the persons named were not legal voters.

*Held*, that a party to a suit may bind himself by an admission of record as to material facts involved in the case, but

*Held*, that the record offered did not show an admission of the fact that the persons named were illegal voters, but simply a concession of that fact for the purposes of the trial before the board of commissioners. Page 203.

CONTESTED ELECTION.—EVIDENCE.—Where, in a proceeding to contest an election on the ground that ballots cast for the contestor were fraudulently abstracted from the ballot box, a witness is called to prove that he cast a ballot for the contestor, if the ticket cast by the witness can be

found and can be identified by him, it is the best evidence of the fact, but if the ticket cannot be found, or cannot be identified by the witness, then it is competent for him to state for whom he voted.

APPEAL from the *Johnson* Circuit Court.

ELLIOTT, J.—The appellant and appellee were the opposing candidates for the office of treasurer of *Johnson* county, at the annual election in *October*, 1864. The board of county commissioners declared *Wheat* elected to said office by a majority of one hundred and seventy-nine votes, and thereupon *Ragsdale* instituted these proceedings, before the board of commissioners, against *Wheat*, to contest said election.

Within ten days after *Wheat* was declared elected, *Ragsdale* filed with the auditor of said county a written statement, specifying the grounds of contest, verified by his affidavit, sworn to before said auditor. The specifications were stated as follows:

"First. For malconduct of *William McCaslin*, inspector of the election precinct in the township of *Franklin*, in said county, in this, to-wit: that the said *William McCaslin*, in violation of his duties as such inspector, corruptly, unlawfully and fraudulently took out of the box in which the ballots at said election were deposited, which was in his custody, and destroyed two hundred legal tickets, or ballots, deposited by legal electors at said election, and before said ballots were counted, on which was the name of the contestor as a candidate for said office of treasurer of *Johnson* county, and put into said box, in lieu thereof, two hundred and sixteen ballots, or tickets, on which was the name of said *Melville Wheat*, contestee, as aforesaid, for said office of treasurer. And further, that the said *William McCaslin*, trustee and inspector, as aforesaid, having possession of said ballot-box, and before the ballots therein had been counted, negligently and carelessly left said box so exposed that some person or persons, to the contestor unknown, corruptly, unlawfully and fraudulently took out of said ballot-box, and destroyed, two hundred legal ballots, or

tickets, on which the name of the said contestor was placed as a candidate for the office of treasurer, as aforesaid, and put into said ballot-box, in lieu thereof, two hundred and sixteen tickets, or ballots, on which was the name of the said *Melville. Wheat*, as a candidate for said office of treasurer of *Johnson* county.

"Second.   And for a further cause of contest herein, the contestor states that at said election, held at the usual place of holding elections in said county, as aforesaid, there was a large number of illegal votes, or ballots, cast for said contestee, and counted for him by the board of election aforesaid, to-wit: two hundred legal ballots, or tickets, having on them the name of the contestor for the office of treasurer of *Johnson* county, were fraudulently, corruptly and unlawfully taken out of the ballot-box, in which were deposited the ballots for the said township of *Franklin*, and destroyed by some person or persons to the contestor unknown, and two hundred and sixteen illegal ballots, or tickets, were placed in said box, in lieu of those taken out, having on them the name of *Melville Wheat* for treasurer, as aforesaid.   Fifty illegal votes, or ballots, were permitted to be deposited, at the election aforesaid, in the ballot-box, in the said township of *Franklin*, by persons unknown at this time to the contestor, who were not then twenty-one years of age, and by other persons who did not reside in said township.   Fifty illegal votes, or ballots, were permitted to be deposited, at the election aforesaid, in the ballot-box then used for the purposes of said election, in the township of *Blue River*, by persons unknown at this time to the contestor, who were not then twenty-one years of age, and by other persons who did not reside in said township.   Twenty illegal votes, or ballots, were permitted to be deposited, at the election aforesaid, in the ballot-box then and there used for the purposes of said election, in the township of *Clark*, by persons whose names are unknown at this time to the contestor, who were then under the age of twenty-one years, and by others who did not reside in said township.

On all of the above named illegal votes, or ballots, the name of *Melville Wheat*, the contestee, was placed as a candidate for the office of treasurer aforesaid, and all of said votes were counted by the said election boards for the said *Melville Wheat*. He states that there were other illegal votes, or ballots, cast at said election in the other townships of said county, having on them the name of said contestee for treasurer, as aforesaid, and which were counted for him, but the number thereof, and the names of the persons who deposited them, are not now known to the-contestor."

*Wheat*, having been duly notified of the pendency of the proceedings, appeared before the commissioners and filed a written motion to dismiss the cause for the following reasons, viz:

1. Because the complaint did not state facts sufficient to constitute a cause of contest.

2. Because the averments in the complaint were indefinite, uncertain and contradictory.

3. Because the statement of the contestor was not verified by a sufficient affidavit.

This motion was overruled, and he then moved that certain portions of the statement of the causes of contest be stricken out, for the reason, as to some of them, that they were indefinite and uncertain in their averments, and as to others, in which illegal votes were alleged to have been given for the defendant, because it was not averred how many such illegal votes were given, who gave the same, nor in what the lack of qualifications in such voters consisted; nor that any member of the board of judges or canvassers, at the precinct where the same were deposited, was guilty of any malconduct whatever; and because the names of the persons who cast such illegal votes were not given. This motion was also overruled, and the defendant then demurred to each cause of contest. The demurrers were overruled, and he then moved the court that the plaintiff be required to furnish the names of the persons who deposited the illegal votes, as in his statement

alleged. This motion was sustained, and in obedience to this ruling, the plaintiff filed a list containing the names of forty-eight persons, alleged to have voted at said election in *Franklin* township, in said county, most of whom were alleged to be non-residents of the township, and the others minors, under twenty-one years of age; and also the names of three persons, alleged to have voted at said election in *Clark* township, in said county, but who were not residents thereof.

The defendant answered in four paragraphs. The first was the general denial. The second, third and fourth alleged that illegal votes were given in the several townships of said county for the plaintiff, stating the number of such illegal votes, by persons under twenty-one years of age, and by persons who were not residents of the township in which they voted, and by other persons who had not resided in this State six months next preceding the time of said election, and by others of foreign birth who had not declared their intention to become citizens of the *United States*, and by other persons of foreign birth who had not resided in the *United States* for one year before said election.

The plaintiff replied in denial of said second, third and fourth paragraphs of the answer. The contest was tried by the board of commissioners of the county, who found that at said election *Ragsdale* received 1,731 votes for said office of treasurer, and that said *Wheat* only received 1,571 votes, and that *Ragsdale* was therefore duly elected to said office, and judgment was rendered accordingly. *Wheat* appealed to the Circuit Court.

In the latter court, *Wheat* renewed his motion to dismiss the cause, for the same reasons, substantially, as those filed before the commissioners. The motion was overruled, and he excepted. He then moved the court to strike out each separate allegation of the statement of the grounds of contest: 1. Because the statement of the contestor is not verified by a sufficient affidavit. 2. Because said statement does not state facts sufficient to constitute a cause of con-

test. 3. Because the averments in said statement are indefinite, uncertain and contradictory. During the pendency of this motion, the plaintiff, over the defendant's objection, by leave of the court, filed "a supplemental statement, making more specific his cause of contest," to which the defendant excepted. The statement consists of the names of the persons who are alleged to have voted illegally for the defendant for treasurer, at said election in *Franklin* and *Clark* townships, they being either under twenty-one years of age, or non-residents of the township in which they voted, and is, in substance, the same as that filed before and by the order of the commissioners, at the instance and on the motion of the defendant, except that it was sworn to by the plaintiff in open court. The defendant then renewed his demurrer to the plaintiff's statement of the cause of contest, and to each cause separately, which the court overruled, and the defendant excepted. The answer of the defendant was re-filed, and, on the plaintiff's motion, he was ordered to make the second, third and fourth paragraphs of the answer more specific, and on his declining to do so, it was thereupon ordered by the court "that no evidence should be heard in relation to said second, third and fourth paragraphs of the answer," to which ruling the defendant excepted. By agreement of the parties, the cause was submitted to the court for trial, without the intervention of a jury. The court found that *Ragsdale* was legally elected to the office of treasurer, by a majority of thirty-eight votes, he having received 1,638 votes, and *Wheat*, the defendant, 1,600 votes. Motion for a new trial overruled, and judgment. *Wheat* appeals.

Several questions are presented by the appellant, as grounds for the reversal of the finding and judgment of the Circuit Court, which will be considered in the order in which they are named in the appellant's brief.

The first objection presented is, that the county auditor was not authorized by law to administer the oath to *Ragsdale*, the contestor, by which his written statement of the

grounds of contest was verified; that as the auditor had no authority to administer the oath, the verification was void, and that the court, therefore, erred in overruling the defendant's motion to dismiss the proceedings. The statute requires that the statement of the grounds of contest in such cases shall be verified by the affidavit of the contestor. 1 G. & H., § 16, p. 318. In *Albee* v. *May,* 8 Blackf. 310, the statement of the causes of contest was sworn to before the clerk of the Circuit Court, under the statute of 1843, and it was held that the clerk of the Circuit Court, he not acting as the clerk of the board of county commissioners, was not authorized to administer the oath in that behalf; that the statement was therefore insufficient, for the want of a proper affidavit, and did not authorize either the board of county commissioners or the Circuit Court to take cognizance of the cause. Had the auditor of *Johnson* county authority to swear *Ragsdale* to the affidavit attached to the statement of the cause of contest? The statute requires that such contest shall be tried by the board of county commissioners, of which the county auditor is *ex officio* the clerk. It also provides that when any elector shall choose to contest such election, he shall file with the auditor of the proper county, within ten days after such person has been declared elected, a written statement, specifying the grounds of contest, verified by the affidavit of such elector. 1 G. & H., § 16, p. 318. "Sec. 17. When such statement is filed with the auditor of the proper county, he shall immediately give notice in writing to the clerk of the Circuit Court, that the election to such office is contested," &c. Section eighteen requires the auditor, upon the filing of such statement with him, to issue a notice to the board of county commissioners to meet at the court-house at a designated time, not less than ten days nor more than twenty days thereafter, to try such contest. It also makes it the duty of the auditor to issue a notice to the contestee, to appear at the same time and place specified in the notice to the commissioners. The eighth section of the "act in relation

to county auditors," (1 G. & H. 123,) provides that "audi-
tors and their deputies are authorized to administer oaths
necessary in the performance of their duties, also the oath of
office to any officer who receives his certificate of appoint-
ment or election from such auditor, and oaths relating to
the duties of such officers." It is conceded by the appel-
lant's counsel, in argument, that the auditor, as the clerk of
the board of county commissioners, may administer all
oaths required in such cases, during their pendency before
that court, but it is argued that the duties of the auditor in
such a case do not commence until after the statement of the
ground of contest, verified by the affidavit of the contestor,
has been filed with the auditor, and therefore that the
swearing of the contestor to such statement does not pertain
to the duties of the auditor, nor is it necessary, in the dis-
charge of his duties, that he should administer that oath. It
must be conceded that the argument is at least plausible, and
that the power of the auditor to administer the oath is not
entirely free from doubt; but in view of the general policy
of the State, that the clerk of a court in which any suit or
proceeding is required by law to be instituted is authorized
to administer all oaths necessary therein, both in its institu-
tion and during its progress, it seems to be but a fair and
reasonable construction of the statute, that the oath of veri-
fication of the contestor, of his statement of the grounds of
contest, may be administered by the auditor, as pertaining to,
and as being necessary and proper in, the discharge of his
duties. He is required to issue notice of the contest to the
clerk of the Circuit Court, and to summon the commissioners
to try the cause, and these things he cannot do until the state-
ment is sworn to. The statute requires the statement to be
filed with the auditor, whose duty it is to issue notices and
process preliminary to a trial, and we think he may swear
the contestor to his statement.

If the section under consideration is to be construed to
authorize the auditor to administer an oath only when his
duties cannot be discharged without the exercise of that

power, it would seem, in its practical application, to confer no authority whatever, as in every case in which an oath is required in any proceeding before the auditor or the board of county commissioners, such oath may be administered by any other officer who is clothed with authority to administer oaths generally. The word "necessary," in connection with the performance of the duties of auditors, as used in the section, we think must be regarded as relating to matters filed with, or business transacted before, the auditor, in which an oath is required, and in reference to which some duty is enjoined upon the auditor. The oath in such a case is a necessity, without which the auditor cannot perform the duty required of him, and he is therefore authorized to administer it, as "necessary in the performance of. his duties."

But it is insisted by the appellant that if the auditor was competent to administer the oath, still the affidavit was insufficient under the statute, and the proceedings should, for that reason, have been dismissed. The affidavit reads thus:

"*William S. Ragsdale*, the above named contestor, and an elector of *Johnson* county, *Indiana*, upon oath says, that the matters and facts set forth in the foregoing complaint, so far as the same are stated on his own knowledge, are true, and so far as they are stated on information derived from others, he believes them to be true.

"WILLIAM S. RAGSDALE."

It was duly sworn to before the auditor, whose jurat was properly attached. The objection urged to the affidavit is, that neither it nor the statement of the grounds of contest shows what particular matters are stated upon the personal knowledge of the affiant, and what on the information of others; and hence that the affidavit is uncertain, indefinite, and evasive, and therefore insufficient. We do not so understand the statement of the grounds of contest. Every material allegation in it is stated directly and positively, as upon the knowledge of the contestor. True, in one of the

specifications he charges the inspector with fraudulently taking from the ballot-box two hundred legal ballots, with his name on them for treasurer, and putting into the ballot-box, in their stead, two hundred and sixteen illegal ballots, with the name of *Wheat* on them, for the same office; while in another specification, he charges the inspector with carelessly and negligently leaving the ballot-box exposed, so that some person or persons, to the contestor unknown, fraudulently abstracted from it two hundred legal votes, with his name upon them for treasurer, and put into said box two hundred and sixteen fraudulent ballots, with the name of *Wheat* upon them for the same office; but both statements are made in direct and positive terms, without qualification, as upon his own knowledge, and not upon the information of others: It must be assumed, therefore, that the statement is directly verified by the affidavit. There being no qualification that any of the facts alleged were derived from the information of others, the latter, and qualifying clause of the affidavit, has no application, and properly should have been omitted. *Kinkaid* v. *Kipp et al.,* 1 Duer 692; *Pitkins* v. *Boyd,* 4 Iowa (Greene) R. 255.

The next question presented by the appellant, and relied on for a reversal, relates to the action of the court in permitting *Ragsdale* to file a supplemental statement of the grounds of contest. The amendment or supplemental statement thus filed, as before stated, related to the illegal votes alleged in the original statement to have been given for *Wheat* by persons under twenty-one years of age, and by non-residents, in the townships of *Franklin* and *Clark,* and consisted simply of the names of the persons so alleged to have voted illegally in those townships, and was, in substance, the same as the list filed before the commissioners at the instance of *Wheat.* The court permitted it to be filed, pending the appellant's motion to strike out those specifications for uncertainty.

It is assumed by the appellant's counsel that the specifications were insufficient because they did not contain the

names of the persons who, it was claimed therein, had voted illegally. In this view we do not concur. The cause of contest contained in the specifications referred to, comes within the fourth statutory cause, to-wit: "on account of illegal votes;" and we think it was the right of the contestor to prove as many illegal votes as he could, under those specifications, in the townships named, and that it was not necessary to state the names of the illegal voters in the statement of the grounds of contest. The only effect the supplemental statement filed by the contestor could produce, would be to limit his proof of illegal votes to the persons named, and the appellant could not, therefore, be injured by the action of the court in permitting it to be filed. We need not, therefore, determine the question of the right of the contestor to amend his statement by leave of the court.

For the reason stated above, we think the court erred in ordering that the appellant should not be permitted to introduce any evidence under the second, third and fourth paragraphs of his answer. Indeed, this order seems to be without authority to support it in practice. If the paragraphs were so defective as not to admit any evidence under them, the demurrers to them should have been sustained, or they should have been stricken out on motion, on the refusal of the appellant to make them more certain.

A bill of exceptions purports to contain all the evidence given in the cause, and shows that during the trial the plaintiff offered in evidence the record of the trial before the board of county commissioners, to which the appellant objected, but the court overruled the objection and permitted the record to be given in evidence, which was accordingly done. This ruling was excepted to. The object of the evidence was to prove certain admissions made by the appellant on the record, on the trial of the cause before the commissioners. The statement in the record as to the admissions of the appellant is as follows: "And the contestor, in discharging the motion entered against him, files a

list of fifty-one illegal votes, cast in the several townships, at said *October* election; and the contestee, for the uses and purposes of this trial, concedes that such voters were minors and non-residents, as in said list set forth.   And said contestor now presents . a list of 312 names of men who have made affidavit that they voted for the contestor at said *October* election, and the said contestee, for the uses and purposes of the trial, concedes that said men did vote for said contestor as alleged.   And said contestor now files a list of forty-six names of men who voted for said contestor in *Franklin* township, at said *October* election, and the said contestee, for the uses and purposes of this trial, concedes that said men voted for said contestor as aforesaid."   After this evidence was admitted by the court, the appellant filed the affidavit of *Overstreet* and *Hunter*, in which it is stated, that on the trial of said cause before the board of commissioners, they appeared as the attorneys of the contestee, and as such attorneys, during the investigation of the cause before the commissioners, for the purpose of avoiding a long, tedious and unavailing investigation of said cause before said commissioners, under the issues there made, they made the concessions contained in the transcript of said proceedings; that at the time said concessions were made, it was understood, intended and expressed by said affiants, and the other attorneys for said contestee, that they were made to be taken and considered as evidence against said contestee upon the trial of said cause before said commissioners, for the purposes aforesaid, and not to be used against said contestee on the trial of said cause on appeal to the Circuit or any other court, and that at the time the concessions were made, the attorneys for the contestor believed and understood the attorneys for said contestee to be making them for the purposes aforesaid, and to be taken as evidence on the trial before the commissioners only, and not elsewhere, and that they were made by said attorneys without any advice or direction of said contestee to make them.   Upon this affidavit the contestee moved the court

to reject said record as evidence, but the court overruled the motion, to which the appellant excepted.

It is clear to our minds that the court erred in permitting the record of these alleged admissions to be given in evidence. A party to a suit may bind himself by admissions of record of material facts involved in the case, where such admissions are made for the purposes of the suit; but here the facts alleged were not admitted to be true in fact, but were simply conceded to be so, for the purposes of the trial before the commissioners. The appellant's majority in the county, as declared by the county canvassers, was only 179 votes. His majority in *Franklin* township, as returned by the township board, was 611, out of a total vote of 995, and if he intended to admit it to be true that he received forty-eight illegal votes at that poll, as stated in the list filed by the contestor, thus reducing the whole number to 947, and if he intended further to admit that the contestor in fact received of the last number 358, it would reduce his own vote in that township to 589, and his majority there to 231, instead of 611, as returned by the township board, thus conceding the election of the contestor beyond controversy. With such an admission of facts staring him in the face, it would be the extreme of folly to contest the case further. But from the language of the concessions, as well as from all the surrounding facts, it is clear that the appellant did not admit, and did not intend to admit, as true, on a final trial, the matters so conceded before the commissioners. The concessions had served the purpose for which they were made when the trial before the commissioners terminated, and they should not have been received as evidence against the appellant, on the trial in the Circuit Court. The effect given by the court to these alleged admissions of record, as will hereafter appear, determined the cause against the appellant.

The finding of the court is in the form of a written opinion upon the questions, both of law and fact, involved in the case. The length to which this opinion has already

grown forbids a statement of that opinion at length here. A reference, however, to the final conclusions of the court upon the evidence, seems to be necessary, for the purpose of showing the effect given by the court to the alleged admissions of the appellant on the trial before the county commissioners. The court found that the whole number of votes returned by the precincts in the county, to the county canvassers, for these parties respectively, was, for *Wheat*, 1,741, and for *Ragsdale*, 1,562; that of the whole number so returned, the board of *Franklin* township returned, for *Wheat*, 803, and for *Ragsdale*, 192; that only 982 votes were polled at said election in *Franklin* township, of which number it was proved that *Ragsdale* received 268, being seventy-six more than were returned for him to the county canvassers, which, added to 1,562, the total number returned to the county canvassers, made his total vote in the county 1,638. It was further found that *Wheat* could only have received 714 votes in *Franklin* township, being eighty-nine less than the number returned for him from that township, which, being deducted from the aggregate returned for him in the county, reduces it to 1,652. The finding of the court then proceeds: "It is admitted of record that fifty-one illegal votes were cast for the contestee, the persons who cast said votes being minors and non-residents. The evidence also shows that one minor in *Clark* township, not on the admitted list, also voted for him, making fifty-two." This number the court also deducted from *Wheat's* aggregate in the county, thus reducing it to 1,600, or thirty-eight less than the aggregate found in favor of *Ragsdale*. The fifty-one illegal votes here claimed to be admitted of record, has reference to the list of that number filed by *Ragsdale* before the county commissioners, forty-eight of whom were alleged to have voted in *Franklin* township, and three in *Clark*, and in reference to which the appellant, for the purposes of that trial, conceded that the persons therein named were minors and non-residents, as alleged in said suit.

It may be remarked in reference to the concession made

as to that list, that it cannot be claimed to be an admission, as the court seems to have regarded it, that the persons named had voted in said township, or that they had voted at all, but only that they were minors and non-residents, as alleged. If, then, the admission or concession of the facts stated was even conclusive upon *Wheat*, it would not prove that fifty-one illegal votes were cast for him, but only that the persons named were minors and non-residents, and it would still require other evidence to prove that they voted for *Wheat*.

The court found from the evidence, that only two hundred and sixty-eight votes were given for *Ragsdale* in *Franklin* township, while it was conceded by the appellant, before the commissioners, that three hundred and fifty-eight persons had voted for *Ragsdale* at that poll. This was a concession of all that was necessary to enable the commissioners to credit *Ragsdale* with that number of votes; and if the concession as to the fifty-one illegal votes was conclusive upon *Wheat*, it would certainly be equally conclusive as to the three hundred and fifty-eight votes for *Ragsdale*, and we are at a loss to perceive upon what principle the court held the one conclusive and disregarded the other.

One other question remains to be noticed. The contestor introduced as a witness on the trial, one *Charles H. Patterson*, who testified that he was thirty-two years of age; that at the time of the *October* election, in 1864, and for nine months or a year previous thereto, he lived in *Franklin* township, in said county of *Johnson*, and voted in said township at said election. He was then asked to state for whom he voted for the office of treasurer of said county. The counsel of *Wheat* objected to the witness answering the question, for the reasons:

1. That the ballot of the witness was the best evidence.

2. Because the ballots of the witness and others had been put in evidence by the contestor.

3. Because oral evidence is not admissible when record evidence is available.

The court overruled the objection and permitted the witness to testify that he voted for *Ragsdale* for treasurer, to which ruling of the court the defendant's counsel excepted. It was not claimed that the witness was not a legal voter of *Franklin* township. The evidence was directed to the first ground of contest specified in the contestor's statement filed with the auditor, viz., that before the votes given at the *Franklin* poll were counted out, two hundred legal votes, cast for him, were abstracted from the ballot-box at said poll, and two hundred and sixteen ballots, with the name of *Wheat* upon them for treasurer, were fraudulently substituted for those abstracted. The contestor sought to prove that the alleged fraud was perpetrated, by evidence that in fact two hundred more ballots, with his name upon them for treasurer, were deposited in said box, by legal voters of the township, than were found therein when the ballots were counted out, and that more ballots were found in the box, when counted, than were actually cast at said election in that township. In other words, he sought to prove the alleged fraud by circumstantial evidence. This, the appellant contends he could not do; because, in the absence of direct evidence of the fraud, the ballots found in the box were the best evidence of how, or for whom, the electors voted. We cannot sanction this position. Direct and positive proof of the alleged fraud would, in such a case, be more satisfactory to the court or jury trying the case. Such frauds, however, are seldom committed in the presence of those who are not participants in them, and if only direct and positive evidence were admissible, few, if any, of them would be brought to light. We are not aware of any reason why frauds upon the ballot-box, and thereby upon candidates for the offices to be filled, may not as well be established by circumstantial evidence as frauds of any other character. The rights of interested parties, the purity of the ballot-box, and of our popular elections, alike require, in such cases, the greatest latitude of evidence consistent with the fixed and well established rules

of law.· The record before us discloses the fact that the ballots counted out at the *Franklin* poll were before the court, and if they were not, if the witness could identify his ticket, and it had not been destroyed, it would, when so identified, be the best evidence of the fact for whom he voted. We think, therefore, that the witness should first have been asked if he could identify his ticket, and if he answered in the affirmative, search should have been made for it. If it could not be found, or if he could not identify it, then it would have been competent for him to state for whom he voted. We are aware that this course of examination would most probably be of but little practical importance, as but few voters would likely be able to identify their ticket; but when insisted upon, it would be the proper course of examination, as being in conformity with the strict rules of evidence.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*W. R. Harrison, G. M. Overstreet* and *A. B. Hunter*, for appellant.

*T. W. Woolen, D. D. Banta* and *M. M. Ray*, for appellee.