CURRY *v.* MILLER.

CONTEST OF ELECTION.—*Affidavit.—County Auditor.*—The county auditor has authority to administer the oath as to the truth of the matters stated as grounds for contesting an election to the office of county clerk.

PRACTICE.—*Special Finding.—Exception to Conclusions.—Motion in Arrest.— Exception to Judgment.*—Where there is a special finding of facts, with conclu-sions of law thereon, there must be an exception to the conclusions of law, to reserve the question of the correctness of the conclusions. A motion in arrest

of judgment, if available, is waived by not assigning the ruling thereon as error. Nor is an exception to the judgment available, as that must follow the finding and conclusions.

DEMURRER.—*Sufficiency of Affidavit.*—A demurrer assigning a want of sufficient facts as causes stated for contesting an election presents no question as to the sufficiency of the affidavit.

PRACTICE.—*Motion to Dismiss.*—*Special Cause.*—A refusal to grant a motion to dismiss a case, on a special ground assigned, which is insufficient, is not erroneous, although other grounds might have justified such dismissal.

JURISDICTION.—*Erroneous Decision.*—The power of the board of commissioners to hear and determine upon the sufficiency of the affidavit filed to contest an election constitutes jurisdiction. If the decision be wrong, it is simply erroneous, and not void.

APPEAL from the Boone Circuit Court.

WORDEN, J.—At the election for the year 1868, the appellant and the appellee were respectively candidates for the office of Clerk of Boone county. The board of canvassers declared that Miller had received for the office two thousand four hundred and sixty-three votes, and that Curry had received for the office two thousand four hundred and eighty-seven votes, and that the latter was duly elected to the office by a majority of twenty-four votes.

Miller instituted proceedings before the board of commissioners of Boone county, to contest the election of Curry, on the ground of illegal votes being polled for him, and to procure himself to be declared duly elected to the office. On the trial of the cause the board of commissioners found that Curry had received two thousand four hundred and forty-two legal votes, and that Miller had received two thousand four hundred and fifty-eight legal votes, and that the latter was duly elected.

Curry appealed to the circuit court, and upon trial in that court, where the cause was tried by the judge, it was found that Miller had received a majority of one vote, and was entitled to the office, and it was adjudged accordingly.

Curry appeals to this court, and assigns the following errors:

"1. The court erred in overruling the motion of the

appellant to dismiss the cause for the want of jurisdiction, to which ruling the appellant excepted at the time.

" 2. The court erred in its judgment upon the facts specially found, in excluding from the count, in favor of the appellant, twenty-seven votes polled for him in Jackson township, the same according to the facts so found being legal votes and properly received by the board of election in said township and county for the appellant.

" 3. The court erred in its judgment pronouncing the appellee elected clerk of the circuit court of the county of Boone, when, according to the facts as found specially by the court, the appellant was duly elected to said office by a majority of the legal votes cast at said election in said county ; wherefore," etc.

The points made under the first assignment of error are, that the affidavit attached to the statement of the grounds of the contest, filed before the board of commissioners, is insufficient in two particulars.    1st.  That it was sworn to before the county auditor, who, it is claimed, had no authority to administer the oath.    2d.    That the matters were sworn to be true as the affiant was informed and verily believed, and not positively.

The first point has been decided against the appellant by this court in two cases, where it was held that the auditor has authority to administer the oath in such cases.    *Wheat* v. *Ragsdale,* 27 Ind. 191 ; and *Garrett* v. *Higgins,* 27 Ind. 162. We are satisfied with the reasoning and conclusion of the court in these cases.    In *Wheat* v. *Ragsdale* the question was fully considered, and we do not deem it necessary to add any thing to what is there said on the subject.    The conclusion is such as must have been arrived at by us, had the question been an open one.

The first assignment of error is not available.

The questions sought to be raised under the second and third assignments of error do not legitimately arise in the record.

There was a special finding by the court of the facts in the

case, at the request of the parties. The court found that the appellant, Curry, received in all two thousand four hundred and eighty-seven votes, but that forty-six of these were cast by persons, naming them, who were not legally entitled to vote at the townships and precincts where their votes were cast, leaving his total legal vote two thousand four hundred and forty-one. The court also found that the appellee, Miller, received in all two thousand four hundred and sixty-three votes, but that twenty-two of these were cast by persons, naming them, who were not legally entitled to vote at the townships and precincts where their votes were cast, leaving his total legal vote two thousand four hundred and forty-one, but that one legal vote was offered for him and rejected, which should be counted for him, giving him a majority of one vote. Therefore the court found that Miller received a majority of the legal votes cast for the office. There was also a more general and extended finding or opinion of the court, occupying forty-eight pages of the record, embracing a discussion of the law on the subject of the elective franchise, both constitutional and statutory, and the subjects of registry, residence, and domicil, together with the evidence as it applied to the particular voters whose votes were held to be legal or illegal, and the reasons for thus holding.

There was a motion for a new trial, which was overruled, but this ruling is not assigned for error, nor is the evidence in the record.

There was no exception taken to the conclusions of law drawn by the court from the facts found. This was necessary in order to present any question arising on such conclusions. *Cruzan* v. *Smith,* 41 Ind. 288.

The record informs us that the appellant " moved in arrest of judgment upon the finding," but that the motion was overruled, and he excepted. This ruling is not assigned for error; even if it could be made to take the place of an exception to the conclusions of law from the facts found.

Exception was taken to the rendering of judgment against the appellant. But judgment followed inevitably unless the

court was wrong in its finding of the facts, or in its conclusions of law upon those facts. The evidence not being in the record, and there being no assignment of error upon the overruling of the motion for a new trial, we cannot say that the evidence did not sustain the court's finding of the facts; and there being no exception to the conclusions of law from the facts, if the court erred in its conclusions, the error is not so presented here as to enable us to reach it.

The judgment below is affirmed, with costs.

### ON THE RE-SUBMISSION OF THE CAUSE.

WORDEN, J.—This cause was once decided by this court, and the foregoing opinion and judgment were pronounced. Afterward a rehearing was asked for and granted, on one question, viz., whether the affidavit appended to the statement of the grounds of contest was sufficient. The authorities cited in the petition for a rehearing raising some doubts in our minds as to the sufficiency of the affidavit, we deemed it right that a rehearing be had on that question, in order that it might be more thoroughly examined and considered.

On the re-submission of the cause, additional briefs have been filed by both parties. The appellee insists that no question as to the sufficiency of the affidavit is raised by the record. We have again inspected the record, and are clearly of opinion that the point is well taken. In the commissioners' court, the appellant herein filed a demurrer to the statement of the grounds of contest, assigning for cause that the same did not state facts sufficient to constitute a ground of contest, etc. This was overruled by the commissioners, and an answer was filed. After the cause came into the circuit court, the record shows the following entry : "And the court, being sufficiently advised, overruled·the demurrer of contestee to the complaint herein, to which ruling the contestee excepts." The answers filed had not been withdrawn, nor had any demurrer been filed in the circuit court. The demurrer thus overruled must have been the one filed

before the board of commissioners. That demurrer did not make any objection to the affidavit. Had it done so, although not one of the statutory causes of demurrer, possibly it might have been regarded in the light of a sufficient motion to raise the question as to the sufficiency of the affidavit. As it assigned for cause only the want of sufficient facts, no question was thereby raised as to the sufficiency of the affidavit. The following cases are directly in point: *Denny* v. *Moore*, 13 Ind. 418; *Wells* v. *Dickey*, 15 Ind. 361.

The record contains the following entry:

" And the contestee moves the court to dismiss this cause, on account of the grounds of the contest being sworn to by the contestor before the auditor of the county; which motion is overruled by the court, to which ruling of the court the contestee excepts."

The ruling on the demurrer as above stated, and the above entry showing the motion and the action of the court thereon, constitute all there is in the record as to the action of the circuit court in relation to the sufficiency of the affidavit. It is quite clear that no question was raised or decided in the court below as to the sufficiency of the affidavit, aside from the question as to the power of the auditor to administer the oath.

But the appellant argues that the motion to dismiss, made on the ground that the affidavit was sworn to before the auditor, ought to have been sustained on the ground that the affidavit was in itself insufficient. He says that " the recital of the ground of the motion did not limit the inquiry of the court to the consideration of that ground only." If the court below had dismissed the cause for any good reason, whether on motion or otherwise, there could be no error in such action. But it cannot be error for the court to refuse to dismiss on some ground specially pointed out, because there was some other ground, not pointed out, which would have justified a dismissal. As to such other ground not pointed out or made the basis or foundation of the motion, the case stands as if no motion had been made.

It is claimed by the appellant that, unless there was a

Curry *v.* Miller.

sufficient affidavit, the board of commissioners had no jurisdiction to hear and determine the cause; and, hence, that as it is a question of jurisdiction, advantage may here be taken of the supposed defect in the affidavit, although no objection was taken to it in the court below.

If this proposition be true, and the affidavit be defective, then the whole proceedings in both courts below are void for want of jurisdiction, and Curry is entitled to the office by virtue of his original certificate from the board of canvassers.

But the supposed defect in the affidavit did not go to the jurisdiction of the board of commissioners. That body is the tribunal constituted by law for the trial of contests of elections. The contest of an election is in the nature of a civil proceeding. The law vests them with jurisdiction over the subject-matter, and they had in this instance acquired jurisdiction over the parties. The grounds of contest are to be verified by affidavit. But who is to determine in the first instance whether the affidavit filed is sufficient? Clearly the board of commissioners. This power of hearing and deciding upon the validity of the affidavit constitutes jurisdiction. *Dequindre* v. *Williams*, 31 Ind. 444. The board may decide wrongfully and hold an insufficient affidavit to be good, but their decision is simply erroneous and not void, and will be binding unless appealed from. These views are fully sustained by the following, among other authorities: *The Board of Commissioners of Knox County* v. *Aspinwall*, 21 Howard, 539; *The Evansville, etc., Railroad Co.* v. *The City of Evansville*, 15 Ind. 395; *Snelson* v. *The State*, 16 Ind. 29; *Weston* v. *Lumley*, 33 Ind. 486, and authorities there cited.

The question on which a rehearing was granted not being legitimately in the record, there remains nothing further to be considered. The original opinion, except as to that point which relates to the sufficiency of the affidavit, will be filed herewith as a part of the opinion in the cause.

The judgment below is affirmed, with costs.

*S. A. Huff, B. W. Langdon, J. S. Pettit, C. C. Galvin,* and
*S. Claypool,* for appellant.

*T. J. Cason, R. P. Davidson, C. S. Wesner,* and *A. E. Gordon,* for appellee.