## MIRES *v.* ALLEY.

PRINCIPAL AND SURETY.—*Co-Sureties.*—Where A. and B. were sureties for C., and, pending suit for the collection of the indebtedness, it was agreed between A. and B. that judgment might be taken, and that, A. having paid his share of the obligation before judgment, the property of both C. and B. should be exhausted before the property of A. should be proceeded against, such agreement might be enforced by A. against B. after judgment.

SAME.—It was not a good answer by B. to a complaint by A. to enforce such agreement, that B. was only an accommodation surety for A. and C.

SAME.—Nor was it a good answer by B. to such complaint, to allege an agreement made, at the time the original obligation of C. with A. and B. as his sureties was contracted, between A. and B., in reference to property of the principal held by the former.

SAME.—Nor was it a good answer to such complaint to allege fraud on the part of A. in procuring B. to become his co-surety for C.

SAME.—Nor could B. set up in bar to such complaint a judgment obtained in another action, in his favor, against A. for costs.

SUPREME COURT.—*Overruling Motion to Strike Out.*—No error, available in the Supreme Court, can arise on overruling a motion to strike out part of a pleading.

From the Decatur Circuit Court.

*S. A. Bonner*, *J. L. Bracken* and *J. D. Miller*, for appellant.

*J. S. Scobey*, for appellee.

BIDDLE, C. J.—This suit was originally brought by Samuel B. Alley against Abram Fromstine, Joseph Fromstine, Henry Hess, John W. Harper, William Keifer, Charles G. Shaw, Goodrich H. Barlow, Edward A. Herod, Benjamin A. Mires, Thomas S. Mires, Giles E. White, and William A. Manlove.

A demurrer to the complaint was sustained as to all the defendants except Benjamin A. Mires and Thomas S. Mires, and final judgment, as to the former defendants, rendered on demurrer. The cause then proceeded against Benjamin A. Mires and Thomas S. Mires, on an amended complaint, in substance as follows:

That on the 29th day of September, 1871, the defendants Fromstine, Fromstine, Hess, Harper and Keifer recovered a judgment, in the Decatur Court of Common Pleas, for the sum of sixty-eight dollars and thirty cents and costs, twenty dollars and forty cents, against Benjamin A. Mires and Samuel B. Alley; that, on the same day, in the same court, Shaw, Barlow and Herod recovered judgment against the same parties for sixty-two dollars and ninety-four cents and costs, twenty-two dollars and ninety cents. On the same

day, before the rendition of said judgments, Benjamin A. Mires and Alley made the following agreement:

"It is agreed that judgment may be taken in the two above entitled causes by agreement against all said parties; first, against William A. Manlove, as principal; second, against the defendant Benjamin A. Mires, and, lastly, against the defendant Samuel B. Alley, as sureties of said Manlove, said Alley having paid his half of said notes; both said Manlove and said Mires to be exhausted before proceeding against said Alley. And it is further agreed that this shall not be pleaded, referred to, or used in any other action or proceeding between said parties, growing out of their relations on said notes, or in any other matter connected therewith."

That afterwards, on the 9th day of October, 1871, Thomas S. Mires, having full knowledge of said agreement and that Benjamin A. Mires was to pay said judgments, and at the instance and request of Benjamin A. Mires, became the replevin bail of said Benjamin for the payment of said two judgments; and that before signing said replevin bail, said Benjamin put into the hands of said Thomas a large sum of money, to wit, seven hundred dollars, with which to pay said two judgments and costs, which amount he still retains for that purpose; that executions were issued on said judgments and placed in the hands of the sheriff, who is about to levy the same on the property of Samuel B. Alley; that Benjamin A. Mires and Thomas S. Mires have each sufficient property out of which the amount of said judgments can be made; that as to said judgments between these parties, Benjamin is the principal, and Thomas his surety, and not the surety of both Benjamin and Alley. Prayer to determine the suretyship, and decree that the property of Benjamin and Thomas be exhausted before the property of Alley shall be levied on, and for general relief.

Benjamin A. and Thomas S. Mires each filed separate demurrers to the amended complaint, alleging a want of facts, which were properly overruled. We think the com-

plaint is sufficient.   Benjamin then moved to strike out certain parts of the complaint; his motion was overruled; he excepted, and now presses this ruling upon us as an error.

We have often had occasion to decide that no error available in this court can arise on such ruling.   At most, it can but leave surplusage in the record, which does not vitiate that which is good.

Benjamin A. Mires answered in six paragraphs, to each of which a demurrer was filed for want of sufficient facts, and sustained.   Exception was taken to each ruling, and an appeal to this court.

The first paragraph of answer sets up, that Benjamin A. Mires executed the notes, as the accommodation surety of Alley and Manlove, and for no other consideration whatever. We cannot perceive how this can be made an answer to the agreement stated in the complaint.

The second·paragraph of answer is very long, but may be stated, in substance, briefly as follows:

It admits the execution of the notes, but avers that Manlove was elected township trustee; that Alley became surety on his official bond, and received by conveyance a large amount of property from Manlove to indemnify him against loss as such surety; that Manlove afterwards became embarrassed, and, to save the property so conveyed to Alley,.compromised with his creditors; that the notes in controversy were given in pursuance of this compromise; that to procure the signature of said Mires to the notes, Alley represented to him that he had property in his hands sufficient to pay the notes, one-half of which he would turn over to Mires to save him harmless as such surety; that he signed the notes upon this consideration, and no other; that Alley did so hold the property, and afterwards sold and̄ converted it, and still holds the proceeds, which are sufficient to pay the notes; that Manlove is insolvent.   Demand for an account, and that said proceeds be applied to the liquidation of said debts.

This paragraph can not be held as an answer to the agree-

ment, made long afterwards, set up in the complaint; besides, if it could, we think there should have been an averment that the property in the hands of Alley was sufficient to pay the judgments, in whole or in part, after saving Alley harmless from his obligation on the official bond of Manlove, for which purpose it was originally transferred to Alley; and for another reason, that no relief could be had under this paragraph without making Manlove a party defendant to it.

We can not perceive any substantial difference between the second and third paragraphs of answer, except the averment that Alley applied the property so placed in his hands to the payment of other debts against Manlove, without the knowledge of said Mires. This would not relieve it from the objections existing against the second paragraph.

The fourth paragraph of answer is similar to the second and third, except that it avers fraud against Alley in obtaining the signature of Mires to the notes. This, after the notes are in judgment, is no answer whatever, and can in no way settle the relations of the parties as sureties.

The fifth paragraph of answer sets up a judgment for costs in favor of Benjamin A. Mires, in a suit wherein Alley was plaintiff, to recover of Mires his contributory share paid by Alley on the Manlove notes, wherein both Alley and Mires were sureties. That was a different proceeding from this, in which Alley is seeking to make Mires pay his share of the suretyship on the judgments, and not to recover money for himself. It is no bar to the complaint.

The sixth paragraph sets up the same judgment in favor of Mires as that shown in the fifth, with a transcript of the proceedings as an exhibit, and also the agreement between Alley and Benjamin A. Mires described in the complaint, which, it is insisted upon by the appellant, is an estoppel against Alley, sufficient to prevent him from prosecuting this suit. In this we think he is mistaken. The case he relies upon, *Wheat* v. *Ragsdale*, 27 Ind. 191, does not bear him out in his views. That case simply holds that a party to a suit may bind himself by an admission of record as to

material facts involved in the case. In this case, the agreement set forth in the complaint was not made of record, but simply between the parties to it.

The case is simply this: The appellant and appellee were sureties for Manlove. The appellee paid his share of the obligation before judgment, and the appellant agreed that both Manlove's and his own property should be exhausted before the property of the appellee should be reached; and he has shown no good reason in his defence as between these sureties why he should not fulfil his agreement.

Mires refused to answer further; whereupon the court found and adjudged that, on executions issued on said judgments, the amounts should be collected, first, out of the property of Benjamin A. Mires; that being exhausted, next out of the property of the appellee; and, lastly, out of the property of Thomas S. Mires, and we think correctly.

The judgment is affirmed, with costs.