Hume *v.* The Little Flat Rock Draining Association.

---

No. 7284.

HUME *v.* THE LITTLE FLAT ROCK DRAINING ASSOCIATION.

| 72 | 499 |
|135 | 374 |

DITCHES AND DRAINS.—*Assessment of Benefits.—County Commissioners.—Finding.—Collateral Attack.—Statute Construed.*—Under the act of March 10th, 1873, 1 R. S. 1876, p. 418, concerning ditches and drains. one who is not a member of an association organized under said act can not, on an appeal from the assessment of benefits and injuries, attack the validity of such assessment on the ground that the petition presented to the board of commissioners, asking the appointment of appraisers, was not signed by the requisite number of land-owners; the finding of such board, in such case, that a proper petition had been presented; and appraisers appointed thereunder, unappealed from, is final and conclusive, and can not be attacked collaterally.

SAME.—*Duty of Commissioners.—Petition.—Appraisers.*—In such case,when the board of commissioners have found that a proper petition, properly

signed, has been presented, and has made the order for the appointment of appraisers, its jurisdiction therein was at an end.

SAME.—*Appeal.*—Although said act of March 10th, 1873, does not in terms provide for an appeal from the finding and order of the county board on such petition for the appointment of appraisers, yet an appeal may be taken therefrom by "any one aggrieved," under section 31 of the act in relation to county boards, 1 R. S. 1876, p. 357.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*T. B. Redding*, *J. H. Mellett* and *E. H. Bundy*, for appellee.

HOWK, J.—This was an appeal to the circuit court of Henry county, by William Hume, the appellant also in this court, as the owner in fee simple of certain parcels of real estate, particularly described in said county, from certain assessments of benefits, assessed and charged against the said parcels of real estate, on account of the construction of a certain ditch or drain by the appellee. On the trial of the matters arising on said appeal, by a jury in the circuit court, a verdict was returned for the appellee, in effect affirming the assessments appealed from. The appellant's motion for a new trial having been overruled, and his exception entered to the ruling, the court rendered judgment on the verdict.

In this court the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling his motion for a new trial;

2. In not reversing the assessments on the papers before the court, and in affirming said assessments; and,

3. In rendering judgment against him for the appellee's costs.

On the trial of the cause, in support of the *eighth* and *ninth* "specifications of the grounds of complaint," the appellant offered to prove, by different witnesses and other evidence, that a majority of the resident land-owners of

Hume *v.* The Little Flat Rock Draining Association.

Henry county, including members of the association, interested in the proposed work of the appellee, had not signed the petition to the board of commissioners of said county for the appointment of the appraisers who made the assessments appealed from. The court excluded all the offered evidence, tending to prove the alleged fact, on the ground that the decision of the board of commissioners on that question was final and conclusive on the parties, and no evidence tending to contradict that decision was competent and admissible. The appellant's counsel earnestly insists, that the decision of the circuit court, in excluding the evidence offered for the purpose indicated, is erroneous; and it is upon this supposed error, that the appellant chiefly relies for the reversal of the judgment below.

The appellee was a corporation, organized under the provisions of the act of March 10th, 1873, "to authorize and encourage the construction of levees, dikes, drains and ditches, and the reclamation of wet and overflowed lands, by incorporated associations," etc. 1 R. S. 1876, p. 418. It was incorporated for the purpose of constructing a drain or ditch wholly within the limits of Henry county. In section 13 of said act it is provided that the board of directors of such a corporation may apply to the board of commissioners of the county in which the proposed work extended, and shall present to said board of commissioners a petition, signed by a majority of the resident land-owners, including members of the corporation, of the county, interested in the proposed work, praying for the appointment of appraisers; and, on proof that a majority of such land-owners are petitioners therefor, it shall be the duty of the board of county commissioners to appoint in such county three appraisers, not members of the association, or in any way interested in the proposed work, to appraise the benefits and injuries which will result from the proposed work to the lands in such county affected thereby. 1 R. S. 1876, p. 420.

Under the provisions of said section 13, the appellee's board of directors applied and presented to the board of commissioners of Henry county, at its December term, 1876, a petition purporting to be signed by a majority of the resident land-owners, including members of the corporation, of said county, interested in the appellee's proposed work, praying for the appointment of appraisers. On proof then made by the testimony of competent witnesses, the said board of commissioners were satisfied, and found that the appellee was a legally organized corporation, under the laws of this State, and that a majority of the land-owners to be affected by the proposed work were signers of said petition, and that the facts recited therein were true ; and thereupon the said board ordered that three named persons be appointed appraisers to assess benefits and injuries, as provided in said section of the statute.

The assessment of benefits and injuries was recorded on the 22d day of June, 1877, in the recorder's office of Henry county, and on the 11th day of July, 1877, the appellant, who was not a member of the association, took this appeal from the assessments of benefits to his real estate to the court below.

In section 21 of said act, among other provisions relating to appeals from such assessments, is the following : "If the party thus appealing is not a member of the association, he may insist in such appeal upon any legal objection to the assessment, or any part of it." 1 R. S. 1876, p. 424. In commenting on this provision of the statute, the appellant's counsel says : "Hume is not a member of the association. The fact that the company has not procured the requisite number of land-owners to sign the petition, and that the board of commissioners, by reason of that fact, had no jurisdiction in the premises, is certainly a *legal objection* to the assessment."

We can not construe or interpret the statutory provision

last quoted as counsel seem to understand it. In appealing from the assessment of benefits to the circuit court, Hume did not, in any manner, appeal from the order of the board of commissioners appointing the appraisers, who made those assessments. When the board of commissioners made its finding, that a majority of the land-owners, to be affected by the appellee's proposed work, were signers of the petition presented by its board of directors, and made an order for the appointment of appraisers, that was all that the county board was authorized or required to do in the premises, and it was the end of the board's jurisdiction of the subject-matter. The appraisers were not required by the statute to return their "schedules of assessment," when completed and perfected, to the board of commissioners of the county; but they were required to deliver such schedules to the appellee's clerk, whose duty it was to file the same for record in the recorder's office of the county. We may well conclude, therefore, as we do, that this appeal was not, in any proper sense, an appeal from the finding and order of the county board on the petition presented by the appellee's board of directors, for the appointment of appraisers. It is true that the act of March 10th, 1873, does not in terms provide for an appeal from the finding and order of the county board, on such petition, for the appointment of appraisers; but it is equally true, we think, that Hume, or "any person aggrieved," was entitled to an appeal, and might have appealed, from the finding and order of the county board to the circuit court of the county, under sec. 31 of the act of June 17th, 1852, providing for the organization of county boards, etc., which section declares that, "From all decisions of such commissioners there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved." 1 R. S. 1876, p. 357.

By the express terms of section 13 of the ditching act of March 10th, 1873, the board of commissioners of Henry

county were clothed with ample jurisdiction to hear and determine the question whether or not a majority of the land-owners, to be affected by the appellee's proposed work, were signers of the petition presented by its board of directors, and, having found in the affirmative on this question, to make an order for the appointment of appraisers to assess benefits and injuries. This being so, the finding and order of the county board, on the question involved in its decision, not having been appealed from, must be held to be final and conclusive, and binding, even though erroneous, and can not be attacked collaterally, by evidence or otherwise. This doctrine has been recognized and acted upon in numerous decisions of this court, and it must now be regarded, we think, as settled law in this State. *The Evansville, etc., R. R. Co.* v. *The City of Evansville*, 15 Ind. 395 ; *Snelson* v. *The State, ex rel.*, 16 Ind. 29 ; *Spaulding* v. *Baldwin*, 31 Ind. 376 ; *Dequindre* v. *Williams*, 31 Ind. 444 ; *Ney* v. *Swinney*, 36 Ind. 454 ; *Gavin* v. *Graydon*, 41 Ind. 559 ; *Curry* v. *Miller*, 42 Ind. 320 ; *The Board, etc., of Clay Co.* v. *Markle*, 46 Ind. 96 ; *Markle* v. *The Board, etc., of Clay Co.*, 55 Ind. 185 ; *Faris* v. *Reynolds*, 70 Ind. 359 ; *The Board, etc., of Lawrence Co.* v. *Hall*, 70 Ind. 469.

Applying the doctrine of these cases to the question under consideration, in the case at bar, we are led to the conclusion, and so decide, that the court below did not err in excluding from the jury the evidence offered by the appellant, for the purpose of proving that a majority of the resident land-owners, interested in the proposed work of the appellee, had not signed the petition to the board of commissioners of Henry county, for the appointment of the appraisers who made the assessments appealed from.

Some minor objections to the proceedings on the trial have been pointed out by the appellant's counsel, but they have not been discussed or pressed with confidence or earnestness by counsel in his able and exhaustive brief of

this cause. The point we have decided is the controlling point in this case; and the other objections pointed out, even if well taken (but we do not think they were), would not afford any sufficient ground for the reversal of the judgment.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.