*Nov Term, 1861.*

THE BOARD OF COMMIS-SIONERS, &c. v. SAUNDERS.

---

## THE BOARD OF COMMISSIONERS OF POSEY COUNTY v. SAUNDERS.

Suit by the *Board of County Commissioners* against *A.*, the former treasurer of the county, alleging that while he was such treasurer he collected, between the third *Monday* of *March* and the first *Monday* of *August*, of a certain year, taxes due said county to the amount of, &c., upon which there was chargeable by law ten per cent., as damages, which he was bound as such treasurer to collect and account for to the auditor, and pay into the treasury; that he failed to receipt to said auditor for the same, or to pay the same into the treasury, or otherwise legally to account therefor. Answer: 1. That at the *June* term of the board, held on, &c., the defendant settled in full with said board, and accounted for all taxes and penalties due and owing to said county. 2. That the cause of action did not accrue within three years next before the bringing of the suit.

*Held*, that the treasurer was required by §13 of the act relative to county treasurers, (1 R. S. 1852, p. 501,) to make an annual settlement with the board at their *June* term; and the board, having by law a supervisory control over the finances of the county, had power to settle with the treasurer, and to bind the corporation by such settlement.

Nov. Term, 1861.

THE BOARD OF COMMISSIONERS, &c.
v.
SAUNDERS.

Thursday, December 12.

*Held*, also, that the complaint can not be understood to charge the treasurer with having collected the ten per cent. damages; and hence the case made was not within the exception to sub. § 2 of § 211, 2 R. S., p. 75, by which an action is allowed within six years, against an officer, or his representatives, for money collected in an official capacity.

APPEAL from the *Posey* Circuit Court.

HANNA, J.—This was a suit by the appellant against the appellee, who was formerly treasurer of said county. The complaint has five paragraphs, similar in every respect, except that each is for a failure to discharge his duty for a year therein named, in this, that it is averred he collected between the third *Monday* of *March* and the first *Monday* of *August*, of the named year, from persons and property charged with taxes, and unpaid on the said first named day, taxes due to said county to the amount of, &c.; upon which there was chargeable by law ten per cent., as damages, and which he as treasurer was bound by law to collect and account for to the auditor, and pay into the treasury; which ten per cent. amounts to the sum of, &c. (here a sum is stated, just ten per cent. on the sum named as having been so collected); yet the defendant has failed, &c., and still fails, &c., to receipt to said auditor for the ten per cent., or to pay the same into the treasury, or in any way legally to account for the same.

Answer, in seven paragraphs. Demurrers were filed to all but the first paragraph, which is the general denial, and were sustained as to all but the fourth and sixth. The plaintiff refusing to reply to said fourth and sixth paragraphs, there was judgment for the defendant. The ruling on the demurrer to said two paragraphs is now assigned as error. The appellee, also, assigns cross-errors on the ruling in sustaining the demurrer to the second, third, fifth and seventh paragraphs of his answer; but as he has filed no brief, we will regard said cross-errors as waived.

The fourth paragraph stated, that in pursuance of the statute, the defendant, at the respective *June* terms of said board, held at, &c., on, &c., setting forth the particular days, settled in full at each of said dates, with said plaintiff, and accounted for, and of and concerning, all taxes and penalties,

and sums due or owing, or which by law he as treasurer of,
&c., was compelled by law to account for to said plaintiff.

*Third.* Statute of limitations, namely, three years.

The fourth paragraph is objected to on the ground that it is evasive, in not directly admitting or denying the charge of the failure to pay the ten per cent.; and in this, that the Board of Commissioners could not settle with defendant for the same; but that by the law he was required to receipt to the auditor for the same.

It is true, that by § 103 of the act in reference to the assessment, &c. of property, it is made the duty of the treasurer to file with the auditor, on the first *Monday* of *August,* a verified schedule of all delinquent taxes collected, and receipt to the auditor for the amount collected for county purposes. This is for the purpose of maintaining the system of checks and balances; by which the amount for which the treasurer should be at any time accountable might be ascertained, without having to resort to his office. But it is also true that by § 13 of the act relative to county treasurers, it was made the duty of the treasurer, annually, to make complete settlement with the board, &c., at the regular *June* term thereof. 1 R. S., p. 501.

The Board of Commissioners have very full powers in reference to the affairs of their respective counties. 1 R. S., pp. 225–230. They control the county property, allow accounts, direct the raising of sums, &c., and audit the accounts of all officers having the care, management, collection or disbursement of any money belonging to the county, or appropriated for its benefit." § 13.

We are of opinion that under these and various other statutes that might be referred to, the Board of County Commissioners have a supervisory control over the finances of the county, and consequently have the power to settle in reference to the same, and to bind the corporation by such settlement. And further, that the general allegations of this fourth paragraph, in regard to the payment of taxes, penalties, &c., is broad enough to include, and does include, the ten per cent. in controversy, which, in fact, is a penalty, in each instance where it properly attaches.

Nov. Term,
1861.

THE BOARD
OF COMMIS-
SIONERS, &c.
v.
SAUNDERS.

Although the fourth paragraph was a full answer to the complaint, and disposes of the case, yet we will for a moment notice the sixth paragraph of the answer. It is based upon the following statute: "All actions against a sheriff or other public officer, or against such officer and his sureties, on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, shall be commenced within three years after the cause of action has accrued; but an action may be brought against the officer, or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six years." 2 R. S., § 211, p. 75.

It is argued that the complaint charges the defendant with collecting the money, and failing to pay, &c., and therefore the answer that the cause of action did not accrue within three years is bad.

We do not so understand the complaint. It is true, it is somewhat obscurely worded in that respect; for it has to be closely examined to see whether it charges the omission of duty, upon the treasurer's part, to have occurred in the failure to collect the ten per cent., or in the failure to pay it over after it was collected. But it must be recollected that taxes not paid by the third *Monday* of *March* become delinquent, and that it is charged that, of those taxes, there was collected, between that day, in each year, and the first *Monday* of *August*, when they were reported, a certain sum, and that upon that sum ten per cent. was chargeable by law, which he was bound to collect, &c., which ten per cent. amounted to the sum of, &c., stating ten per cent. upon the amount before averred to have been collected. It appears to us, that if the pleader had intended to be understood as charging the defendant with having collected said ten per cent., it would have been included in the sum alleged to have been collected. It can not be said that it is included in said sum, because the amount of said penalty is given at just ten per cent. upon the sum averred to have been collected.

*Per Curiam.*—The judgment is affirmed, with costs.

*John Pitcher* and *Conrad Baker*, for the appellant.

*Alvin P. Hovey*, for the appellee.