## SARAH A. BAILEY vs. THE TOWN OF GOSHEN.

A tax collector sold under a tax warrant bank stock belonging to the plaintiff, for the collection of an illegal tax. The plaintiff knowing all the facts employed an agent to buy the stock at the sale. The money collected was paid into the town treasury by the collector. Held, that the payment was not to be regarded as a voluntary one and that the money could be recovered back from the town. Assumpsit is the proper remedy in such a case.

Assumpsit to recover the amount of a tax illegally collected of the plaintiff. Tried in the superior court on the general issue, before *Carpenter, J.*

The tax was levied on the list of 1860 in the town of Goshen. On the 1st day of August of that year the plaintiff removed from the town of Goshen to Pittsfield in the state of Massachusetts, and has not since resided in Goshen. The tax was assessed on personal property only, and was in all formal requisites correct and legal. On the 20th of November, 1862, the collector, by virtue of a tax warrant, sold to Edward Bailey two shares of the stock of the Winsted bank, owned by the plaintiff, and gave him a certificate of the sale; and from the avails thereof paid the tax in question, amounting to $56.66, and returned the surplus to the plaintiff. The money collected was then paid by the collector into the treasury of the town. Edward Bailey was the son and agent of the plaintiff, and bought the stock at her request, and the money paid therefor by him was subsequently refunded by her. The collector left a return of his doings with the officers of the bank, but the stock was never transferred on the books of the bank, but now stands in the name of the plaintiff, and is her property. The plaintiff paid the money with full knowledge of all the circumstances, and there was no coercion except such as is disclosed by the foregoing facts.

The defendants thereupon claimed that the payment of the tax by the plaintiff was voluntary, and that she could not recover, and prayed the court so to decide. The court did not so decide, but rendered judgment for the plaintiff to

recover the amount of the tax with interest. The defendants thereupon moved for a new trial.

*Hubbard* and *Andrews*, in support of the motion.

1. Money paid with a full knowledge of all the facts and not induced by any fraud or improper conduct on the part of the payee, is regarded as a voluntary payment and can not be recovered. *Story* v. *Barrell*, 2 Conn., 671, 673; Chitty on Cont., 495; 2 Com. on Cont., 42; 1 Swift Dig., 407; *Martin* v. *Morgan*, 1 Brod. & Bing., 289; *Bilbie* v. *Lumley*, 2 East, 469; *Stevens* v. *Lynch*, 12 id., 38; *Knibbs* v. *Hall*, 1 Esp., 84; *Brown* v. *McKinally*, id., 279; *Forbes* v. *Appleton*, 5 Cush., 115; *Benson* v. *Monroe*, 7 id., 125; *Gooding* v. *Morgan*, 37 Maine, 419; *Silliman* v. *Wing*, 7 Hill, 159; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26, 39. In cases of illegal taxation the action is brought, not to recover the tax, *eo nomine*, but to recover the value of the property wrongfully sold, and proceeds upon the ground that there has been a tort which the plaintiff waives. Otherwise assumpsit would not lie. 1 Chitty Pl., 386, (6th Am. Ed.) Here there has been no tort. The court finds that the plaintiff's title and possession have never been disturbed. The original remedy in this class of cases was trespass. But the plaintiff could not sustain that form of action a moment. If there has been any tort, she has herself materially contributed to it. The maxim *volenti non fit injuria* applies. *Lindon* v. *Hooper*, 1 Cowper, 414; *Hart* v. *Smith*, Kirby, 127; *Burbanks* v. *Lee*, 1 Root, 262; *State* v. *Lawrence*, id., 397; *Bulkley* v. *Stewart*, 1 Day, 130; *Carter* v. *First Eccl. So. of Canterbury*, 3 Conn., 455.

2. The payment by the plaintiff under the circumstances detailed in the motion was a voluntary payment. *Sheldon* v. *South School District*, 24 Conn., 88; *Goddard* v. *Town of Seymour*, 30 id., 394; *N. York & Harlem R. R. Co.* v. *Marsh*, 2 Kern., 308; *Allentown* v. *Saeger*, 20 Penn. S. R., 421; *Christy* v. *City of St. Louis*, 20 Misso., 143. In the case of *Sheldon* v. *South School District*, real estate had been sold, but it is obvious that no distinction favorable to the

plaintiff can be drawn between a sale of real estate and a sale of bank stock. It is not pretended that there was any fraud or duress. The finding shows that the money was not paid to prevent the sale but to perfect it. To establish the principle that money may be recovered under such circumstances would be to encourage litigation.

*Hall,* contra, cited *Preston* v. *City of Boston,* 12 Pick., 7 ; *Perry* v. *Inhabitants of Dover,* id., 206 ;' *Boston & Sandwich Glass Co.* v. *City of Boston,* 4 Met., 181, 189.

McCURDY, J. The legal principles examined at some length in the case of *Cobb* v. *Charter, ante* page 358, are strictly applicable to the present case.

The tax on account of which this suit is brought is admitted to have been illegal. In satisfaction of it the plaintiff's bank stock was taken by the collector and sold, and the avails were paid to the town. It requires no argument to prove that for such an injury there should be some redress ; and we had supposed it to be an elementary principle that indebitatus assumpsit was the established remedy. In 1 Swift's Digest, 405, it is laid down that " where a person pays taxes that are illegally imposed upon him, whether paid by compulsory process or not, he may recover back the money." The case of *Atwater* v. *Woodbridge,* 6 Conn., 223, is precisely of this character. The tax was illegal and was collected by distress of the plaintiff's property. The money was paid over to the town and then recovered back in the action of assumpsit. In *Adams* v. *Litchfield,* 10 Conn., 127, it was held that " the action of indebitatus assumpsit for money had and received is the appropriate remedy for money collected under an illegal assessment." Chief Justice Daggett in giving the opinion says :—" It was made a question whether this action of assumpsit was the proper action to try the question of the legality of the tax. On this point I entertain no doubt. The cases are numerous in which actions of assumpsit are sustained." *Amesbury Manuf. Co.* v. *Amesbury,* 17 Mass., 461; *Sumner* v. *Dorchester,* 4 Pick., 361 ; *Preston* v. *City of*

*Boston,* 12 id., 7 ; *Perry* v. *Dover,* id., 206 ; *Torrey* v. *Mill-bury,* 21 id., 64 ; *Boston & Sandwich Glass Co.* v. *City of Boston,* 4 Met., 181 ; *Joyner* v. *Third School District,* 3 Cush., 567.

In opposition to this current of authorities two decisions in this state are relied upon by the defendants. In *Sheldon* v. *South School District,* 24 Conn., 88, it was indeed decided that the money collected on the illegal tax could not be recovered back. But in that case it was the plaintiff's *land* which had been levied upon and sold, or rather attempted to be sold for the payment. The title did not pass, and the money received from the sale of course did not belong to the one who was still owner of the estate. Judge Waite, giving the opinion, expressly declares that assumpsit can be sustained to recover money " paid without sufficient consideration, to avoid imprisonment, or the seizure or sale *of goods.*" He makes a distinction between the case then on trial and that of *Adam* v. *Litchfield,* upholding the decision in the latter " upon the familiar principle that the owner *of goods* which have been taken and sold by a trespasser might, at his election, waive the tort and treat the wrong doer in making the sale as his agent, and the money received by him as received for the use of the owner."

Land is not the subject of duress, and the principle of waiving a tort does not apply to a case of disseizin. An action of assumpsit upon the ground that the plaintiff had been wrongfully driven from his farm, and the estate had been seized and sold by a stranger, would certainly be a novelty.

In *Goddard* v. *Seymour,* 30 Conn., 394, the taxes were *legally laid and assessed,* but the proceedings to collect them were irregular and invalid. One of the taxes was paid without question, and the other was collected by a levy upon the plaintiff's goods. In relation to the first tax the decision in substance was, that the amount of it being a debt justly due from the plaintiff to the town, which he was bound to pay without waiting to be called upon, and which he had paid voluntarily, the town had a moral right to retain it ; and the action of assumpsit, being an equitable one, would not lie to recover it back.

In respect to the other tax it was held that, as the proceedings connected with the assessment rendered the sale absolutely void, the goods still belonged to the plaintiff, and the money did not, unless he waived the tort ; and if he elected to waive the tort and to consider the collector his agent in receiving the money and paying it over to the town, then this tax stood upon the same footing as the other, that is, it was to be regarded as a voluntary payment of a just debt.   In the case before us *the tax was illegal.*

We perceive nothing in these decisions inconsistent with what we understand to be the settled law in this state and elsewhere.

A new trial is not advised.

In this opinion the other judges concurred.