## THE BOARD OF COMMISSIONERS OF HANCOCK COUNTY v. BRADLEY.

COUNTY COMMISSIONERS.— *Allowance by.* — *Collateral Proceeding.* — *County Treasurer.*—To a suit by a board of county commissioners against a late treasurer of the county for money received by him as such treasurer and not paid over, it was a good defence that, the defendant having lost said money by burglary and larceny, the board of commissioners of the county, in a settlement with him as such treasurer, allowed him the amount so

The Board of Commissioners of Hancock County *v.* Bradley.

lost, and ordered that he be relieved and discharged from the payment thereof, which action of the board of commissioners had not been appealed from and remained in force.

From the Hancock Circuit Court.

*W. March, H. J. Dunbar, G. H. Chapman* and *U. J. Hammond,* for appellant.

*W. R. Hough,* for appellee.

PETTIT, J.—The appellant sued the appellee, late treasurer of the county, for money alleged to have been received by him, and which he had not paid, etc.

There was answer in three paragraphs, the third one of which was as follows, viz.:

"Par. 3d.   And the defendant, further answering said complaint, says that he admits that he was duly elected and qualified, and gave bond as, and that he acted as treasurer of said county from the —— day of November, 1865, until the —— day of November, 1867, and that during said term there came into his hands, as such treasurer, the sum of money alleged therein, which money belonged to the plaintiff, and which was received from the source in said complaint averred; but says that the plaintiff ought not to have and maintain this action against him, because he says that, on the night of the 12th day of January, 1866, the room and office which he was occupying as such treasurer, at and under the direction of the plaintiff, the same being the southwest room in the lower story of the court-house of said county, was feloniously and burglariously broken open and entered, without the knowledge or consent of the defendant, by some person or persons, who were then, and still are, unknown to the defendant, and the fire and supposed-to-be burglar-proof safe, then and there being in said room, and in which said moneys, together with large amounts of other money, were then deposited, was then and there, by said person or persons, feloniously broken open, and said moneys feloniously stolen and carried away, and that the same, nor any part thereof, has ever been recovered or heard of by the defendant since; and that afterwards, to wit, on the ——

day of June, 1866, the plaintiff, as such board of commissioners of said county, being then in regular session, a full settlement was then and there had between the defendant and the plaintiff, in which said settlement the plaintiff allowed the defendant the full sum of five thousand dollars, on account of the moneys so stolen as aforesaid; all of which now fully appears by reference to the records of said board of commissioners, remaining in the auditor's office of said county, a copy of which is filed herewith, made a part of this paragraph, and marked exhibit 'A;' and that said allowance of said plaintiff, acting as such board as aforesaid, has never been appealed from and remains in full force.

" That, at the time of, and by said settlement, the plaintiff found and adjudged that there was then in the defendant's hands, as such treasurer, and for which he was liable to account, a balance of eight thousand one hundred and fifty-four dollars and ten cents, and only that amount, as shown by said record (exhibit 'A'); and that the defendant, as such treasurer, in his settlement thereafter made with the plaintiff, at the time and in the manner prescribed by law, fully accounted to the plaintiff for said balance of money, eight thousand one hundred and fifty-four dollars and ten cents, together with all other moneys that came into his hands as such treasurer thereafter; and that at the expiration of his term of office as such treasurer, he fully accounted for and paid over to his successor in said office all of the moneys with which he was chargeable as such treasurer, including said balance, eight thousand one hundred and fifty-four dollars and ten cents. Wherefore he demands judgment.

" D. S. Gooding,

" W. R. Hough,

" C. G. Offut,

Def't's Att'ys."

Copy of exhibit "A," filed with answer:

" State of Indiana, Hancock county:

" Commissioners' Court, June session, 1866.    Friday morn-

The Board of Commissioners of Hancock County *v.* Bradley.

ing, half past eight o'clock, June 8th, 1866, and fifth day of term, the board met; present, Elias McCord, William New and John Heinchman.

"'State of Indiana, Hancock county:

"'Nelson Bradley, treasurer of said county, submits the following report of receipts and expenditures on account of said county, from the 1st day of June, A. D. 1865, to the the 1st day of June, A. D. 1866: .

"'RECEIPTS.

| | |
|---|---:|
| Bal. in treasury, June 1st, 1865, | $14,544.62 |
| Delinquent tax since received, | 3,475.17 |
| Fines since received, | 154.24 |
| Principal, school fund, | 450.27 |
| Interest, common fund, | 609.00 |
| Principal, Cong. fund, | 892.57 |
| Int., Cong. fund, | 650.66 |
| Docket fees, | 27.00 |
| Redemption lands, | 172.96 |
| Office rent and wood, | 160.37 |
| Shows, | 45.00 |
| Excess school-tax, | 2,336.51 |
| State tax, col. on duplicate, | 12,077.77 |
| School tax, | 7,887.88 |
| Sinking fund tax, | 4,528.47 |
| County tax, | 23,559.84 |
| Road tax, | 4,955.31 |
| Township tax, | 1,914.05 |
| Soldiers' families, | 14,259.71 |
| Special school tax, | 6,328.35 |
| Township library tax, | 438.13 |
| Dog tax, | 803.00 |
| Estray fund, | 38.10 |
| Liquor license, | 50.00 |
| Sale of poor farm, | 2,000.00 |
| | |
| Total receipts, | $102,358.98 |
| Total expenditures, | 94,204.88 |

Bal. in treasury, June 1st, 1866, . . 8,154.10
" 'All of which is respectfully submitted.
" ' NELSON BRADLEY, Treas. Hancock Co.'
" Which report was examined and approved by the board.
" ' EXPENDITURES.

|  | Principal. | Interest. |
|---|---|---|
| Vol. orders redeemed, . | $14,735.46 | $511.17 |
| County officers, . . . | 3,126.31 | 14.90 |
| Road, . . . . . . | 13.82 | |
| Prison, . . . . . | 108.65 | |
| Bailiffs, . . . . . | 568.50 | 1.51 |
| Stationery, . . . . . | 300.20 | 6.90 |
| Poor, . . . . . . . | 3,381.39 | 39.74 |
| Assessors, . . . . . | 530.00 | 17.40 |
| Printing, . . . . . | 838.60 | 10.60 |
| Judge's salary, . . . | 250.44 | |
| Specific, . . . . . | 1,007.13 | 6.85 |
| Election, . . . . . | 75.11 | .23 |
| Redemption land, . . . | 161.73 | |
| Refunded interest, . . . . | 6.88 | |
| Principal com. fund, . . . | 1,945.00 | |
| Principal Cong. fund, . . . | 100.00 | |
| In lieu of road receipts, . . | 3,470 36 | |
| Cong. int. distributed, . . | 834.51 | |
| Special school tax, . . . | 6,605.41 | |
| School tax and interest, . . | 11,335.86 | |
| Road tax, . . . . . | 1,701.37 | |
| Township tax, . . . | 1,986.45 | |
| Dog tax, . . . . . | 803.00 | |
| Miscellaneous, . . . . | 226.93 | .50 |
| Refunded tax, . . . . | 18.21 | |
| Insane, . . . . . | 109.78 | 1.17 |
| County bounty orders, . . . | 4,633.33 | 564.73 |
| Inquest orders, . . . . | 43.55 | |
| Paid State Treasurer, . . . | 25,645.23 | |
| Paid state benevolent institutions, | 122.51 | |

The Board of Commissioners of Hancock County *v.* Bradley.

| | | |
|---|---|---|
| Paid state docket fees, . . . | 6.00 | |
| For fees, del. tax and other funds and orders redeemed, . . | 370.39 | |
| County asylum orders redeemed, | 2,000.00 | |
| In lieu of road receipts, . . | 49.80 | |
| Lost by burglary, January, 1866, | 5,000.00 | |
| | $93,026.54 | $1,178.34 |
| Interest on redeemed orders, . | 1,178.34 | |
| Total expenditures, . . . | 94,204.88 ' | |

" Whereas it has been shown, to the full satisfaction of the board of county commissioners of Hancock county, Indiana, by competent and sufficient evidence, that on the night of the 12th of January, A. D. 1866, the treasurer's office of this (Hancock) county was feloniously entered, the iron safe broken open, and a large sum of money stolen therefrom, of which five thousand dollars was money belonging to Hancock county, the same having been collected by Nelson Bradley, treasurer of the said county, for the year 1865 and delinquencies for former years; and,

" Whereas, it further appearing that said loss occurred without the acquiescence, negligence or fault of the said Nelson Bradley, treasurer as aforesaid; therefore,

" Be it ordered by the board aforesaid, that Nelson Bradley, treasurer of Hancock county, be, and he is hereby relieved and discharged from the payment of the said sum of five thousand dollars, so feloniously taken from the county safe as aforesaid.

" William New now protests against the release of Nelson Bradley from the payment of the five thousand dollars, the money of the county, lost by the robbing on the night of the 12th of January last, he having found no legal authority so to release him; and the board adjourned until tomorrow evening at 1 o'clock.

" ELIAS McCORD,
" WILLIAM NEW,
" JOHN HEINCHMAN.

" I, Jonathan Tague, auditor of said county of Hancock, and State aforesaid, hereby certify that the above and fore-going is a full, complete and correct copy of the records of the settlement between Nelson Bradley, as treasurer of said county, and the board of county commissioners, at the June settlement, A. D. 1866.

" Witness my name and the seal of the board of commissioners at Greenfield, this 16th day of February, A. D. 1871.
                "JONATHAN TAGUE, Auditor Hancock Co."

A demurrer to this paragraph was overruled, and the correctness of this ruling is the only question presented.

It may be conceded that the loss of the money by burg-lary and larceny was and is not a defence, but the settle-ment, allowance, discharge and release of the claim is a good defence as long as the order is in force. It was not error to overrule the demurrer.

This ruling is fully sustained by *Snelson* v. *The State, ex rel.*, etc., 16 Ind. 29; *Board of Comm'rs, etc.*, v. *Saunders*, 17 Ind. 437; *Curry* v. *Miller*, 42 Ind. 320; *Board of Comm'rs, etc.*, v. *Gregory*, 42 Ind. 32; *Weston* v. *Lumley*, 33 Ind. 486.

The judgment is affirmed, at the costs of the appellant.

Opinion filed May term, 1876; petition for a rehearing overruled November term, 1876. ·