## THE BOARD OF COMMISSIONERS OF HANCOCK COUNTY v. BINFORD.

SUPREME COURT.— *Appeal.—Amount in Controversy.*—An appeal will lie to the Supreme Court from a judgment rendered in the circuit court in a case originating before a board of county commissioners, though the amount in controversy, exclusive of interest and costs, does not exceed $50.

COUNTY COMMISSIONERS.— *Judicial Capacity.— Claim.*—A board of county commissioners, in passing upon a claim filed under section 43 of the school law, 1 R. S. 1876, p. 793, by a county superintendent, for services, acts in a judicial capacity.

SAME.— *County Superintendent.— Allowance.—Former Recovery.—Fees and Salaries.*—A county superintendent, acting under a belief in the validity of the act of March 9th, 1875, attempting to reduce the *per diem* of county superintendents, filed his claim before the proper board of county commissioners, for services, at the reduced rate, and obtained its allowance. He afterward, on discovering the invalidity of said act of 1875, filed a claim for the same services, at the lawful rate, giving credit for the former allowance, but his claim was refused by the board, and, on appeal to the circuit court, the board, to establish a former recovery, proved their former allowance.

The Board of Commissioners of Hancock County *v.* Binford.

*Held,* that the first allowance was a former recovery, constituting a bar to the second claim.

· From the Hancock Circuit Court.

*C. G. Offutt* and *W. H. Martin,* for appellant.

*J. A. New* and *C. E. Barrett,* for appellee.

WORDEN, J.—At the September session, 1877, of the Board of Commissioners of Hancock County, the appel-. lee, John H. Binford, filed his claim before the board, for thirty-two days' services as county superintendent, for the quarter ending June 7th, 1875, at the rate of four dollars per day, amounting to one hundred and twenty-eight dollars. In his claim he acknowledged the receipt, on the account, of one hundred and four dollars, and claimed a balance due of twenty-four dollars.

The Board of Commissioners refused to allow the claim, and Binford appealed to the circuit court, where the defendant pleaded payment and former recovery, and the cause was tried by the court, resulting in a finding and judgment for the plaintiff for the twenty-four dollars.

The questions arising on a motion for a new trial, which was made and overruled, are presented by the record.

But it is suggested that no appeal lies to this court, in the case, inasmuch as the amount in controversy, ex-clusive of interest and costs, is but twenty-four dollars. By the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, sec. 550 of the code is so amended as to provide, among other things, as follows :

" Appeals may be taken from the circuit courts, and superior courts * *, by either party, from all final judgments, except in actions originating before a justice of the. peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars."

This case did not originate before a justice of the

peace or the mayor of a city; hence, by the unequivocal terms of the statute, an appeal lies to this court, though the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars. *Hill* v. *Shannon*, 68 Ind. 470.

On the trial, it was not controverted that the plaintiff served the thirty-two days, as charged by him, as county superintendent. Estimating his services at four dollars per day, and deducting the one hundred and four dollars received by him, there would be a balance due him of the twenty-four dollars. It would seem that the plaintiff would have been entitled to four dollars per day for the time occupied by him in the performance of his duties as such superintendent, if he had not excluded himself from such right in the manner hereinafter stated.

The 43d section of the act of March 6th, 1865, Acts 1865, Reg. Sess., p. 1, provided that the school examiner should receive three dollars per day, for the time employed by him in the discharge of his duties. The 33d section of the above mentioned act was amended in 1873, and the appointment of a county superintendent provided for, which officer was intended, as we suppose, to supersede the school examiner. The 43d section of the act was also so amended as to give the county superintendent four dollars per day. Acts 1873, p. 75. See, also, those sections as amended in the act published in 1 R. S. 1876, p. 778.

In 1875, the Legislature attempted to amend the original 43d section of the act, so as to fix the compensation of the county superintendent at $3.00 per day; but, the original section having been amended out of existence by the amendment of 1873, it has been held that the attempted amendment of 1875 is a nullity. *The Board of Commissioners of Marion County* v. *Smith*, 52 Ind. 420. For the attempted amendment of 1875, see 1 R. S. 1876, p. 790.

This leaves the amendment of 1873 in force, giving the superintendent $4.00 per day.

But, at the June session of the Board for the year 1875, the plaintiff filed his claim before that tribunal for the same thirty-two days' service as such county superintendent, charging for a part of the time $4.00 per day, and for a part of the time $3.00 per day, so that the whole thirty-two days' service amounted, according to the plaintiff's charge, to the sum of $104. This claim was allowed to him by the Board, and he has received the money upon it. By the present action, the plaintiff seeks to recover an additional dollar per day, for the twenty-four days for which he had before charged and received three dollars per day.

By the 43d section of the act above referred to, as amended in 1873, the claim of the plaintiff had to be passed upon by the Board of Commissioners, before whom the plaintiff was required to file his account, stating in separate items the nature and amount of service rendered on each day for which he claimed compensation. It is clear that the Board, in passing upon and allowing or rejecting such claims, acts in a judicial capacity.

The action of the Board, in allowing the plaintiff the sum claimed by him of $104 for his thirty-two day's service, at its June session, 1875, merged and put an end to any other or further legal claim of the plaintiff for the thirty-two days' service, the order of the Board, in that respect, not being appealed from or set aside. The order of the Board was a final adjudication of the plaintiff's claim for the thirty-two days' service. Snelson v. The State, etc., 16 Ind. 29 ; The Board of Commissioners of Hancock County v. Bradley, 53 Ind. 422 ; The Board of Commissioners of Jackson County v. Applewhite, 62 Ind. 464.

The plaintiff could not split up his cause of action, and file his claim for his services at a given price, and, that being allowed, afterward file his claim for the same services at a greater price.

It was said by this court, in the case of *Crosby* v. *Jeroloman*, 37 Ind. 264, 277, quoting from *Secor* v. *Sturgis*, 16 N. Y. 548: "'The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, can not be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits." See *Foster* v. *Konkright*, *ante*, p. 123.

The case before us does not differ in principle from one where a lawyer, or a physician, or a mechanic, brings an action against his client, or patient or employer for his services, claiming less therefor than he is entitled to, and, having recovered, brings another action for the same services, to recover the sum he would have been entitled to, and should have claimed, in his original suit.

We are of opinion, on the facts shown, that the plaintiff could not recover, and that a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded for a new trial.