JOHN COX v. MANLY WELCHER.

*Taxes—Protest—Action to recover amount paid.*

68    263
s36NW   69
s13ASR 339
133   ²402

1. A payment of taxes in advance of the time it can be enforced is *voluntary,* and cannot be recovered back without statutory permission.

2. Where payments are involuntary, and made under legal duress, there has never been any rule requiring a *specific* protest.

3. The attempt to compel payment where there is no legal burden is regarded as a *legal* injury, and payment made to avoid the seizure and sale of property to pay the wrongful claim may be recovered back as an extorted sum for which there was no consideration.

Error to Cass. (Smith, J.) Argued January 11, 1888. Decided January 19, 1888.

Assumpsit for drain tax paid under protest. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Lester A. Tabor,* for appellant.

*Howell & Carr,* for defendant.

CAMPBELL, J. Plaintiff sued to recover back an illegal drain tax paid under protest to defendant, who was about to levy on his property. Defendant himself drew up the protest for plaintiff to sign, which was general, and not specific, as to reasons of illegality. The court below held the protest should have been specific, and directed judgment for defendant.

Our statutes provide that in some cases a person may pay taxes in advance of the time they can be enforced, and do

so under protest. This protest, which is made under an exceptional statute, is required to be specific. But such a payment under no stress of process is a voluntary payment, and could not be recovered back without statutory permission. Where payments are involuntary, and made under legal duress, there has never been any rule requiring a specific protest. The attempt to compel payment where there is no legal burden is regarded as a legal injury, and payment made to avoid the seizure and sale of property to pay the wrongful claim can be recovered back as an extorted sum for which there was no consideration. The principle is so familiar, under our own decisions, as to need no citation of cases. The court below did not draw the proper line between voluntary and involuntary payment. Plaintiff should have been allowed to recover.

Judgment must be reversed, and a new trial granted.

The other Justices concurred.