## BOARD OF COMMISSIONERS OF BOONE COUNTY v. ADLER ET AL.

[No. 10,943.   Filed January 6, 1922.]

1. TAXATION.—*Regulation.*—*Power of Legislature.*—Taxation is peculiarly within the province of the legislature, and subject only to constitutional provisions, it has the exclusive power to devise the plan of taxation, prescribe the method by which property shall be listed and valued, fix the state tax rate, designate the manner of fixing rates for counties, townships, and municipal corporations, designate the officers by whom, and the manner in which taxes shall be collected, and regulate the custody and disbursement of the tax funds. p. 297.

2. TAXATION.—*Township or Municipal Taxes.*—*Wrongful Assessment and Collection.*—*Claim for Refund.*—*Time for Filing.* —Taxes wrongfully assessed which are collected by the county treasurer on behalf of a township or municipality cannot be refunded by the county if the claim is not filed before distribution. p. 300.

3. TAXATION.—*Wrongful Assessment and Collection of Taxes.*— *Recovery.*—*Action Against Board of County Commissioners.*— Section 6090a Burns 1914, Acts 1909 p. 156, providing that any person may appear before the county board of commissioners and make proof of taxes wrongfully assessed and collected, etc., and giving the right of appeal from the board, provides an exclusive remedy to recover taxes assessed, and no action is maintainable against the commissioners to recover such taxes. (*Newsom* v. *Board, etc.* [1883], 92 Ind. 229, explained.) pp. 300, 301, 303.

4. ACTION.—*Enforcement of Statutory Right.*—*Exclusiveness of Remedy.*—Where the legislature created a right and prescribes a remedy, or a method whereby the right may be enforced, the statutory remedy is exclusive. p. 300.

5. TAXATION.—*Refund of Taxes.*—*Regulation.*—*Power of Legislature.*— The legislature has the primary right to provide how the public funds raised by taxation, after reaching the treasury, shall be refunded, and to require proof of the genuineness of each claim, and designate the tribunal which, in the first instance, shall pass on the proof and allow or disallow a claim. p. 301.

6. EVIDENCE.—*Presumptions.*—*Performance of Duties by Public Officers.*—The presumption is that the board of county commissioners would have acted fairly and impartially on a taxpayer's claim for a refund of taxes, if they had filed it under §6090a *et seq.* Burns 1914, and that the county treasurer and

auditor would have promptly discharged the duties imposed on them by such statute. p. 302.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Phil H. Adler and others against the Board of Commissioners of Boone County. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*R. W. Adney* and *Rogers & Smith,* for appellant.
*Meyers, Gates & Ralston,* for appellees.

DAUSMAN, C. J.—The appellees instituted this action by filing their complaint in the circuit court to recover taxes paid to the treasurer of Boone county, which taxes are alleged to have been wrongfully assessed. The first paragraph of complaint is on the theory of debt; and the second paragraph seems to be on the theory of money had and received. The prayer of each paragraph is for a personal judgment for the amount alleged to have been paid, together with interest thereon. Demurrers having been overruled, the cause was tried to the court without a jury. The trial resulted in a general finding and judgment for the appellees. The errors assigned challenge the ruling of the court on each demurrer and on the motion for a new trial.

Taxation is a subject peculiarly within the province of the legislative department of our state government. Subject only to constitutional provisions, the

1. legislature has the exclusive power to devise the plan of taxation; to prescribe the method by which property shall be listed and valued; to fix the rate for state purposes; to designate the manner in which, and the agencies by whom the rates shall be fixed for counties, townships, and municipal corporations; to designate the officers by whom, the time within which, and the manner in which, the taxes shall be collected; and to say who shall have the custody of the funds and how the funds shall be disbursed. The legislature also has

power to provide how a citizen who has paid taxes which were unlawfully assessed against his property may be repaid from the fund.

It has often been said by the courts that in the absence of a legislative provision for repayment of taxes wrongfully assessed, the citizen has no remedy, if the taxes were paid voluntarily. *Jackson Hill Coal, etc., Co.* v. *Board, etc.* (1914), 181 Ind. 335, 104 N. E. 497; *Leonard* v. *City of Indianapolis* (1894), 9 Ind. App. 262, 36 N. E. 725. But, if the citizen were vigilant and brought a timely suit against the collecting officer, he might obtain relief by injunction. *Greencastle Township, etc.* v. *Black* (1854), 5 Ind. 587; *Martin* v. *Stanfield* (1861), 17 Ind. 336; *Toledo, etc., R. Co.* v. *Lafayette* (1864), 22 Ind. 262; *English* v. *Smock* (1870), 34 Ind. 115, 7 Am. Rep. 215; *Shoemaker* v. *Board, etc.* (1871), 36 Ind. 175; *Sim* v. *Hurst* (1873), 44 Ind. 579; *City of Delphi* v. *Bowen* (1878), 61 Ind. 29; *Bishop* v. *Moorman* (1884), 98 Ind. 1, 49 Am. Rep. 731; *Smith* v. *Smith* (1902), 159 Ind. 388, 65 N. E. 183.

Where taxes wrongfully assessed were collected by distress or paid under duress, what remedies were available to the citizen, in the absence of any statutory remedy? Originally he might maintain an action in tort against the assessing officer who exceeded his power in making the assessment. *Bristol Mfg. Co.* v. *Gridley* (1858), 27 Conn. 221, 71 Am. Dec. 56; *Ware* v. *Percival* (1873), 61 Me. 391, 14 Am. Rep. 565; *Stetson* v. *Kempton* (1816), 13 Mass. 272, 7 Am. Dec. 145; *Henry* v. *Sargeant* (1843), 13 N. H. 321, 40 Am. Dec. 146; *Baker* v. *Freeman* (1832), 9 Wend. (N. Y.) 38, 24 Am. Dec. 117; *Drew* v. *Davis* (1838), 10 Vt. 506, 33 Am. Dec. 213. About a century ago, however, the courts of several states held that he might waive the tort and maintain an action on the theory of money had and

received. *Bailey* v. *Town of Goshen* (1865), 32 Conn.
546, 87 Am. Dec. 191. That action seems to have been
allowable on the basis that the money so collected was
held by the state, county, or municipality, as the case
might be, as trustee for the citizen from whom it was
collected. *Shoemaker* v. *Board, etc., supra*. Such an
action could be maintained against the collecting officer,
if instituted while he had the funds in his possession;
but after he had distributed the funds according to law
to the governmental units for which it was collected,
separate actions had to be brought against the several
governmental units into the treasuries of which the
funds were paid on distribution. *Atchison, etc., R. Co.*
v. *O'Connor* (1912), 223 U. S. 280, 32 Sup. Ct. 216, 56
L. Ed. 436, Ann. Cas. 1913C 1050; *Owen County Fiscal
Ct.* v. *F. & A. Cox Co.* (1909), 132 Ky. 738, 117 S. W.
296, 21 L. R. A. (N. S.) 83 and note; *Benson* v. *Monroe*
(1851), 7 Cush. (Mass.) 125, 54 Am. Dec. 716; *Cox* v.
*Welcher* (1888), 68 Mich. 263, 36 N. W. 69, 13 Am. St.
339 and note; *Scottish Union, etc., Ins. Co.* v. *Herriott*
(1899), 109 Iowa 606, 80 N. W. 665, 77 Am. St. 548;
*Greenabaum* v. *King* (1868), 4 Kan. 332, 96 Am. Dec.
172. To recover from a city or town he had to bring
his action against the municipality. It seems, however,
that in this state the right to recover from a municipal-
ity has been regarded as resting upon the statutes.
*Simonson* v. *Town of West Harrison* (1892), 5 Ind. App.
459, 32 N. E. 585; *City of Indianapolis* v. *McAvoy*
(1882), 86 Ind. 587; *McWhinney* v. *City of Indianapolis*
(1885), 101 Ind. 150. To recover the portion collected
for a township, he had to bring his action against the
township. *Mills* v. *Board, etc.* (1875), 50 Ind. 436;
*Cleveland, etc., R. Co.* v. *Board, etc.* (1898), 19 Ind.
App. 58, 49 N. E. 51; *DuBois* v. *Board, etc.*
(1894), 10 Ind. App. 347, 37 N. E. 1056; *Cincinnati,
etc., R. Co.* v. *Wayne Township* (1913), 55 Ind. App.

533, 102 N. E. 865. As to the portion collected for the state, he had no remedy; for a state may not be sued without legislative permission. *Shoemaker* v. *Board, etc., supra.* See also Eleventh Amendment, Constitution of United States.

Even under our statute, taxes wrongfully assessed which are collected by the county treasurer on behalf of a township or a municipality cannot be refunded 2. by the county where the claim is not filed before distribution. *DuBois* v. *Board, etc., supra. Cleveland, etc., R. Co.* v. *Board, etc., supra.*

At the commencement of this action the following statute was in force:

"That in all cases where any person or persons 3. or body politic or corporate shall appear before the board of commissioners of any county in this state, and establish by proper proof, that such person or body politic or corporate has at any time paid for any year or part thereof any amount of taxes which were wrongfully assessed against such person or body politic or corporate in such county, it shall be the duty of said board to order the amount so proved to have been paid, to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes, and the county auditor shall draw his warrant therefor and the county treasurer shall pay the same out of any money not otherwise appropriated." §6090a Burns 1914, Acts 1909 p. 156.

Is the remedy provided by the statute exclusive? The rule is that where the legislature creates a right and prescribes a remedy, or method whereby the right 4. may be enforced, the statutory remedy is exclusive. *Victory* v. *Fitzpatrick* (1856), 8 Ind. 281; *McCormack* v. *Terre Haute, etc., R. Co.* (1857), 9 Ind. 284; *Board, etc.* v. *Murphy* (1885), 100 Ind. 570; *Ryan* v. *Ray* (1886), 105 Ind. 101, 4 N. E. 214; *New*

*York, etc., R. Co.* v. *Zumbaugh* (1894), 12 Ind. App. 272, 39 N. E. 1058; *Boyd, Admr.,* v. *Brazil, etc., Co.* (1898), 25 Ind. App. 157, 57 N. E. 732; *Wehmeier* v. *Mercantile, etc., Co.* (1912), 49 Ind. App. 454, 97 N. E. 558; *Carlisle* v. *Missouri Pac. R. Co.* (1902), 168 Mo. 652, 68 S. W. 898; *Snyder* v. *Marks* (1883), 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901.

The case at bar is within that rule. The legislative purpose was to furnish a simple, direct and inexpensive method by which a citizen may recover taxes wrongfully assessed, whether paid voluntarily or involuntarily; and no court proceeding is contemplated, except by appeal. *Shoemaker* v. *Board, etc., supra.*

The legislature has the primary right to provide how public funds, having once reached the treasury, shall be paid out; to require that proof shall be made of the genuineness of the amount of each claim against the funds; and to designate the tribunal which, in the first instance, shall pass upon the proof and allow or disallow a claim. The legislative trust and confidence, in that regard, has been reposed in the board of commissioners. It has been held that the board is an administrative body and also a court; and that when hearing the proof and determining the validity of a claim, the board is acting as a court, and that the commissioners are then sitting as judges. *State* v. *Board, etc.* (1878), 63 Ind. 497; *Holliday* v. *Henderson* (1879), 67 Ind. 103. See, also, *State* v. *Board, etc.* (1874), 45 Ind. 501; *Weston* v. *Lumley* (1870), 33 Ind. 486; *Board, etc.* v. *Gregory* (1873), 42 Ind. 32; *Curry* v. *Miller* (1873), 42 Ind. 320; *Board, etc.* v. *Markle* (1874), 46 Ind. 96; *Board, etc.* v. *Bradley* (1876), 53 Ind. 422; *Board, etc.* v. *Binford* (1880), 70 Ind. 208; *Hume* v. *Little Flat Rock, etc.* (1880), 72 Ind. 504; *Million* v. *Board, etc.* (1883), 89 Ind. 5; *State* v. *Board,*

*etc.* (1885), 101 Ind. 69; *Board, etc.* v. *Heaston* (1896), 144 Ind. 583, 14 N. E. 457, 43 N. E. 651, 55 Am. St. 192; *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 98 N. E. 349, Ann. Cas. 1915C 325. Whatever may be our opinion as to the wisdom of that holding, we must recognize the status and character of the board as thus fixed and determined. The legislature might have authorized the circuit court to act as a court of claims for the purpose of originally hearing and determining all claims for the repayment of taxes wrongfully assessed. Had that been done, would anyone contend that a citizen, instead of filing his claim for allowance, might sue the court? And yet that would be no more unreasonable than to permit the board to be sued on such a claim. Under the statute the people of the county, as well as the people of the state, are entitled to have the deliberate judgment of the commissioners on the question involved. §5985 Burns 1914, §5745 R. S. 1881; *Snelson* v. *State* (1861), 16 Ind. 29.

The presumption is that the board would have acted fairly and impartially on appellants' claim, had they filed it in the regular way; but by instituting their action against the board they at once put the board in the position of an adversary and in an attitude of hostility. What had the board done or failed to do, that it should be sued? The only duty resting upon it, in that regard, is to determine judicially the merits of such claims when its jurisdiction is invoked in the regular statutory way. As to appellants' claim, the board has had no opportunity to discharge that duty. The legislature has the power to require that claims of that character shall be presented to the commissioner's court. It would defeat the legislative plan and lead to confusion if citizens were allowed to ignore the statute and prosecute their claims in any court which they might choose.

The statute provides for an appeal from the board on two conditions: (1) Where the board has heard the proof and rendered a decision whereby the taxpayer is aggrieved; and (2) if the board should refuse to hear the proof offered—(a rather sinister suggestion to come from the legislature!). On appeal the court "shall decide the merits of the case and order the taxes repaid or not, as the case may be." §6090c Burns 1914, Acts 1909 p. 156. It will be observed that by this statute the court is not authorized to render a judgment against either the state or the county—nor against the board as representing the county. The legislative direction is that the court shall determine whether the tax was wrongfully assessed; and if so, the amount thereof which was paid for county purposes, and also the amount paid for state purposes; and then to enter a mandatory order directing the board to allow the several amounts so determined. When the court has done that, the presumption is that the county auditor and the county treasurer will promptly discharge the duties imposed on them respectively by the statute.

The statute further provides: "In all cases where a portion of the amount so wrongfully assessed and paid shall have been for state purposes, and shall have been paid into the state treasury, it shall be the duty of said board of commissioners to certify to the auditor of state the amount so proven to have been wrongfully paid, under the seal of said board of commissioners; and the auditor of state shall, thereupon, audit the same as a claim against the treasury, and the treasurer of state shall pay the same out of any money not otherwise appropriated." §6089 Burns 1914, §5814 R. S. 1881.

It thus appears that the state has not consented to be sued; nor has the citizen been authorized to

3.    sue the board of commissioners, for the purpose of recovering taxes wrongfully assessed for coun-

ty or state purposes. In lieu thereof the legislature has provided a different plan which is definite and unmistakable. We are of the opinion that the legislative plan must be strictly pursued. The county auditor is not authorized to draw a warrant for the county's proportion, nor is the county treasurer authorized to pay any such warrant, except upon the order of the board of commissioners. The auditor of state is not authorized to audit the state's proportion as a claim against the state treasurer, nor is the treasurer of state authorized to pay any such claim, except upon the certificate of the board of commissioners, under the seal of said board. It is inconceivable that public officers who are sworn to faithfully discharge their duties according to law can waive any of the duties imposed upon them by the positive terms of the statute. It is inconceivable also that the board of commissioners can shift its responsibility to the circuit court; and if the board were permitted so to do, the effect would be equivalent to amending the statute by substituting the circuit court for the board of commissioners.

Appellants rely on the following statement: "It is well settled that an ordinary action may be maintained to recover taxes wrongfully and illegally assessed and collected." *Newsom* v. *Board, etc.* (1885), 103 Ind. 526, 3 N. E. 163.

The foregoing is the only statement, which has come to our knowledge, that apparently conflicts with our view as expressed in this opinion. The proceeding in the Newsom case, as disclosed by the record, was commenced by filing a claim with the board of commissioners. *Newsom* v. *Board, etc.* (1883), 92 Ind. 229. In that case the right to maintain an original action in the circuit court was in no manner involved. That question was not before the court, either directly or indirectly. Therefore, the statement above quoted is pure

NOVEMBER TERM, 1921.    305

Herman Tapp Constr. Co. *v.* Paul, Comr.—77 Ind. App. 305.

dictum and we are at liberty to disregard it. Furthermore, the case cited as authority for that statement wholly fails to support it.

The judgment is reversed; and the trial court is directed to sustain the demurrer to each paragraph of the complaint.