W. C. DAVIS *et al. v.* CITY OF FAIRMONT *et al.*

(No. 7960)

Submitted April 19, 1934.   Decided April 24, 1934.

*Albert J. Kern, Amos & Amos* and *H. H. Rose,* for plaintiffs in error.

*E. M. Showalter,* for defendants in error.

KENNA, JUDGE:

This is a supersedeas proceeding brought by W. C. Davis and more than twenty-four other taxpayers of Marion County in the circuit court of that county to supersede levies for the year 1933 laid by the Board of Directors of the City of Fairmont upon property within that city. The proceeding is brought under the provisions of section 22 of the Act of the Legislature passed January 19, 1934, known as House Bill No. 234. The petition filed in the circuit court attacks the levy on various grounds that need not be here set forth because they were overruled in the circuit court and the defendants in error have not assigned cross-error based on those rulings. The circuit court awarded the supersedeas, and, upon hearing, without the taking of proof, held the levy to be illegal on the sole ground that the estimated deduction for delinquencies and discounts was excessive. From this judgment, the Board of Directors of the City of Fairmont prosecutes this writ of error. The sole question for determination here is whether the levies laid were illegal and therefore are to be superseded because the allowances for delinquencies and discounts were excessive.

The case of *Wells* v. *Board of Education of Lincoln District,* 20 W. Va. 157, is precedent for this court reviewing upon writ of error the action of a circuit court in a proceeding under this act.

The proceedings on the laying of these levies appear to have been regular in all respects, including the approval thereof by the state tax commissioner. In the estimate as finally approved, the sum total of the levies was $181,674.06, and the total amount estimated for delinquencies and discounts was $40,910.62, or 22.51 per cent of the total. There was no evidence taken and this record does not show from

what past experience in the City of Fairmont the levying body arrived at its conclusion in estimating the probable amount of delinquencies and discounts in the collection of taxes for the year 1933.

The action of the levying body is presumed to be regular and legal and the burden of showing the contrary is, of course, upon the petitioner. *People ex rel. Luers* v. *Chicago & A. R. Co.*, 324 Ill. 179, 154 N. E. 893. The matter of estimating delinquencies and discounts is ordinarily within the discretion of the taxing body. There is no law fixing the amount nor the processes by which it is to be determined. We are of the opinion therefore, that in the absence of a showing, based upon the past experience in the levying unit or otherwise, to the effect that these estimates have been arbitrarily fixed at plainly excessive amounts, the courts have no authority to interfere with the discretion of the levying body. The matter of taxation is a legislative function and while the courts are empowered to pass upon the legality of a tax, they usually are held to have no authority to review the administrative details of laying levies. *Board of Com'rs.* v. *Adler,* 77 Ind. App. 296, 133 N. E. 602; *Ex Parte Higgins,* 50 Cal. App. 543, 195 P. 740. We do not believe that in this case the showing of petitioners was sufficient to justify the finding of the trial court to the effect that the estimates for delinquencies and discounts made by the Board of Directors of the city of Fairmont were so arbitrarily excessive as to render its entire levy illegal.

The judgment of the circuit court of Marion County is therefore reversed and the petition dismissed.

*Reversed and dismissed.*