PETITIONER APPEARING PRO SE:
**STEVEN W. OSBORN**
La Porte, IN

ATTORNEYS FOR RESPONDENT:
**THEODORE E. ROKITA**
ATTORNEY GENERAL OF INDIANA
**MEREDITH B. MCCUTCHEON**
**THOMAS L. MARTINDALE**
DEPUTY ATTORNEY GENERALS
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| STEVEN W. OSBORN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 22T-TA-00012 |
| | ) | |
| MICHAEL R. SCHULTZ, in his official | ) | |
| capacity as the Assessor of La Porte | ) | |
| County, Indiana, ` | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Jun 14 2024, 2:29 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ON APPEAL FROM THE FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**June 14, 2024**

WENTWORTH, Senior J.

Steven W. Osborn challenges the Indiana Board of Tax Review's final determination affirming his 2020 and 2021 property tax assessments. Osborn contends that annual property tax assessments violate his natural and inalienable rights also guaranteed by the United States Constitution. The Court affirms the Indiana Board's final determination.

**FACTS AND PROCEDURAL HISTORY**

Osborn owns residential property in Scipio Township, La Porte County, Indiana. (See Cert. Admin. R. at 1-15.) His property was assigned an assessed value of $184,600 in 2020 and $191,600 in 2021. (Cert. Admin. R. at 36.)

Osborn sought review of both assessments first with the La Porte County Property Tax Assessment Board of Appeals (the "PTABOA") and then with the Indiana Board. (See Cert. Admin. R. at 1-15.) On May 5, 2022, the Indiana Board held a telephonic hearing on the appeals. During the hearing, Osborn first claimed that Indiana's property tax statutes that required his property to be annually assessed were unconstitutional:

> The principal issues in this case are these: One, that the ability to own property is an inalienable right. Two, that while it may be proper to tax someone who initially purchases property of any kind, any attempts by the government to require me to pay periodically additional taxes to be able to continue to exercise my right to retain that property, and also to threaten me with confiscation of my property without just compensation if I do not regularly pay those taxes, which basically amounts to me being required to yearly repurchase that right – both of these are against my inalienable right of property ownership. And three, that due process of law resulting in the loss of my freedom, life, or property relates to my violation of constitutional laws. It cannot include laws that violate my inalienable rights in any way unless those rights are denied [to] me in the Constitution. Inalienable rights are not only guaranteed by their very nature, but additionally are ensure[d] to us under the 9th Amendment to the U.S. Constitution.

(Cert. Admin. R. at 38.) Osborn also claimed that the assessment process for his property was "defective" because it did not account for the "extreme and severe historical flooding problems" in his neighborhood that reduced the value of his property. (See Cert. Admin. R. at 39.)

2

In response, the La Porte County Assessor (the "Assessor") asserted that the Indiana Board lacked the statutory authority to address Osborn's constitutional claims. (See Cert. Admin. R. at 40.) In addition, the Assessor maintained that Osborn's secondary valuation claim was a non-starter because he failed to present probative market-based evidence in support of lowering the valuations for the 2020 and 2021 tax assessments. (See Cert. Admin. R. at 40.)

On August 3, 2022, the Indiana Board issued its final determination, fully adopting the Assessor's position. (See Cert. Admin. R. at 27-34.) The Indiana Board concluded it did not have the authority to resolve Osborn's constitutional challenge. (See Cert. Admin. R. at 32-33 ¶¶ 12, 17.) Also, it found that Osborn did not provide sufficient probative evidence to support his valuation claim. (See Cert. Admin. R. at 32-33 ¶¶ 13-17.)

On September 19, 2022, Osborn initiated this original tax appeal. After the matter was fully briefed, the Court took the case under advisement. Additional facts will be supplied if necessary.

**STANDARD OF REVIEW**

The party seeking to reverse an Indiana Board final determination bears the burden of demonstrating its invalidity. Lowe's Home Ctrs., Inc. v. Monroe Cnty. Assessor, 160 N.E.3d 263, 268 (Ind. Tax Ct. 2020). Consequently, Osborn must demonstrate to the Court that the Indiana Board's final determination in this matter is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure

3

required by law; or unsupported by substantial or reliable evidence.  IND. CODE § 33-26-6-6(e) (2024).

## LAW AND ANALYSIS

On appeal, Osborn contends that the Indiana Board's final determination should be reversed as it is contrary to law.  He explains that property ownership is a natural and unenumerated inalienable right protected by the Ninth Amendment of the United States Constitution.[1]  (See Pet'r V. Pet. Initial Jud. Rev. & Appeal Final Determination Indiana Bd. Tax Rev. ¶ 10; Pet'r Br. at 3-4, 6-10.)  Osborn asserts that Indiana's property tax laws impair his full enjoyment of his property rights and are therefore unconstitutional and void "ab initio".[2]  (See Pet'r Br. at 3-4, 6-10.)

Elaborating on his claim, Osborn reasons:

b.  That while it may be proper for a government authority to tax someone who initially purchases property of any kind, any attempts by government to require us to yearly expend money to be permitted to continue to exercise the right to retain that property is against our inalienable right of property ownership;

c.  For government authorities to threaten us with or to confiscate our property without just compensation if we do not timely pay those funds upon assessment/billing is against our inalienable right of property ownership;

d.  The yearly "purchase" of this "right" has the total effect of nullifying it as a right, which federal and state governments have no authority to do without an approved Constitutional Amendment;

e.  That "due process of law" resulting in the loss of freedom, life or

---

[1]  The Ninth Amendment to the United States Constitution provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. CONST. amend. IX.

[2]  Osborn has not appealed the Indiana Board of Tax Review's finding on the valuation issue. (See Pet'r V. Pet. Initial Jud. Rev. & Appeal Final Determination Indiana Bd. Tax Rev.; Pet'r Br.; Pet'r Reply Br.)

4

property relates to a violation of constitutional laws; it cannot include laws and administrative acts that violate inalienable or enumerated rights in any way unless those rights are otherwise denied us in the U.S. Constitution; therefore, the state constitution, and state laws and administrative procedures used to continue to execute the items in letters b. through d. above, cannot be construed to be valid "due process" and do not meet the tests of the 5th nor the 14th Amendments to the U.S. Constitution to the favor of federal or state governments; [and]

f.   The continual assessment of property taxes on the same real property, belonging to the same owners, is an unconstitutional conversion of a centuries-old right into a purchased privilege[.]

(Pet'r Br. at 3-4.)  Osborn further states that the Indiana Constitution supports his position because it "says nothing about granting Indiana government bodies the power to levy property taxes yearly to owners of record who have already paid their property taxes one time."  (Pet'r Reply Br. at 9 (footnote omitted).)  Moreover, he asserts that "he has not received the [] due process to which he is entitled" because, until this appeal before the Court, he has not appeared before a tribunal with the authority to determine the constitutionality of Indiana's property tax statutes.[3]  (See Pet'r Br. at 3.)

Article 10, Section 1 of the Indiana Constitution states, "the General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal."  IND. CONST. art. 10, § 1(a).  Over a century ago, Justice McCabe explained that this provision "does not confer the power of taxation, because, that power being sovereign, it is inherent in the legislature[;]" rather, this provision is "a limitation upon the power to tax."  State Bd. of Tax Comm'rs v. Holliday, 49 N.E. 14, 15 (Ind.

---

[3] The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law[.]"  U.S. CONST. amend. XIV, § 1.

5

1898).  Subject only to federal or state constitutional restrictions, therefore, the General

Assembly

> has the exclusive power to devise the plan of taxation; to prescribe
> the method by which property shall be listed and valued; to fix the
> rate for state purposes; to designate the manner in which and the
> agencies by whom the rates shall be fixed for counties, townships,
> and municipal corporations; to designate the officers by whom, <u>the
> time within which</u>, and the manner in which <u>the taxes shall be
> collected</u>; and to say who shall have the custody of the funds and
> how the funds shall be disbursed.

Bd. of Comm'rs of Boone Cnty. v. Adler, 133 N.E. 602, 602-03 (Ind. Ct. App. 1922)

(emphases added).

Having exercised this power, the General Assembly determined that "all tangible

property which is within the jurisdiction of this state on the [statutorily prescribed]

assessment date of a year is subject to assessment and taxation for that year."  IND.

CODE § 6-1.1-2-1 (2024).  Consequently, all real property in Indiana must be assessed

and taxed annually on "January 1 in a year beginning after December 31, 2015."  IND.

CODE § 6-1.1-2-1.5(a) (2024).  Additionally, it has determined that property taxes are to

be paid in arrears; thus, taxes for properties assessed as of January 1 are paid in two

equal installments on May 10 and November 10 of the following year.  See IND. CODE §

6-1.1-22-9(a) (2024).  Lastly, the General Assembly has prescribed the processes that a

taxpayer must follow to contest his property tax assessments.  See IND. CODE §§ 6-1.1-

15-1.1 to -20 (2024).

Osborn claims that the state's administrative tax appeal process violates his due

process rights and that Indiana's annual property tax levy is void <u>ab initio</u>.  His claims

must fail, however, because he does not firmly link the facts of his case to the alleged

infirmities. For example, he does not fully explain how the County foreclosing on his

property for non-payment of property taxes would constitute a taking without compensation. Osborn also fails to provide and analyze relevant authority in support of his claims. Merely reciting quotes from the United States Constitution, the founders, and foundational documents is not enough. Osborn's frequent references to the Ninth Amendment and inalienable rights in his briefs do not establish that Indiana's annual real property tax assessment infringes on his state or federal constitutional rights. (See, e.g., Pet'r Br. at 3-11; Pet'r Reply Br. at 3-10.) Moreover, his due process claim fails to explain why the Indiana Supreme Court's established jurisprudence supporting the administrative review process, even when the constitutionality of a statute is questioned, should be questioned, or distinguished from this case. (See Pet'r Br. at 3; Pet'r Reply Br. at 3-10.) See also, e.g., Indiana Dep't of Env't Mgmt. v. Twin Eagle LLC, 798 N.E.2d 839, 844 (Ind. 2003) (providing that litigants might need to exhaust administrative remedies even when challenging the constitutionality of a statute beyond an agency's authority, as the administrative process may resolve the matter on other grounds).

This Court has repeatedly stated that the responsibility to present cogent arguments lies with the parties, not with the Court. See, e.g., Lowe's Home Ctrs., 160 N.E.3d at 273-74. Therefore, it was incumbent upon Osborn to provide the Court with the necessary evidence and legal authorities to support his claims. See id. Osborn did not meet this requirement. Consequently, the Court concludes that Osborn has failed to

demonstrate that he is entitled to the relief he seeks.[4]

## CONCLUSION

For the foregoing reasons, Osborn has not demonstrated that the Indiana Board's final determination is contrary to law. Therefore, the Indiana Board's final determination is AFFIRMED.

---

[4] The Court reminds the Indiana Board that when litigants present it with claims that it lacks the authority to resolve, such as constitutional challenges to Indiana's assessment system, it should still make factual findings regarding those claims to facilitate the Court's subsequent review and resolution of the constitutional issues presented. See, e.g., Spencer Cnty. Assessor v. AK Steel Corp., 61 N.E.3d 406, 413-14 (Ind. Tax Ct. 2016, review denied.